1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8  JOHN MILITO, individually and on behalf
of all others similarly situated,

9                       Plaintiff,

10

                 v.

11

12  TENCENT AMERICA LLC, a foreign
limited liability company doing business as
TIMI STUDIO GROUP; TENCENT
13  CLOUD LLC, a foreign limited liability
company; PROXIMA BETA U.S. LLC, a
14  foreign limited liability company doing
business as PROXIMA BETA US; and
15  DOES 1-20, as yet unknown Washington
entities,

16

                       Defendants.

17

Case No. 2:25-cv-1042

**DEFENDANTS' NOTICE OF
REMOVAL PURSUANT TO 28 U.S.C.
§§ 1332, 1367, 1441, AND 1446**

18  **TO:          THE CLERK OF THE COURT**

19  **AND TO:    PLAINTIFF AND COUNSEL FOR THE PLAINTIFF**

20        Plaintiff John Milito ("Plaintiff") has initiated this action against Defendants Tencent

21  America LLC, Tencent Cloud LLC, and Proxima Beta U.S. LLC ("Defendants"). There is

22  complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds

23  $75,000. Therefore, in accordance with 28 U.S.C. §§ 1332, 1367, 1441, and 1446, and with full

24

**NOTICE OF REMOVAL                    - 1-**
**CASE NUMBER** 2:25-cv-1042

**CORR CRONIN LLP**
1015 SECOND AVENUE, 10TH FLOOR
SEATTLE, WA 98104-1001
TEL: (206) 625-8600

1    reservation of their claims and defenses, Defendants give notice of the removal of this action,

2    originally filed in the Superior Court of the State of Washington for King County, to the United

3    States District Court for the Western District of Washington.

4         In support of this notice of removal, Defendants provide the required "short and plain

5    statement of the grounds for removal."  28 U.S.C. § 1446(a); *see also Dart Cherokee Basin*

6    *Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) ("By design, § 1446(a) tracks the general

7    pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure.").

8    **I.      NATURE OF REMOVED ACTION**

9         1.      On April 30, 2025, Plaintiff filed in King County Superior Court a "Class Action

10   Complaint for Discrimination," alleging that the Defendants violated the Washington Equal Pay

11   and Opportunities Act, ("EPOA"), RCW 49.58.110.

12   **II.     TIMELINESS OF REMOVAL**

13        2.      Defendants were served with a Summons and the Complaint, via their registered

14   agents, on May 1, 2025.

15        3.      In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed

16   within 30 days of service of the Complaint.  *Cf. Murphy Bros. v. Michetti Pipe Stringing, Inc.*,

17   526 U.S. 344, 354–56 (1999) (30-day removal period begins to run upon service of summons

18   and complaint).  Thirty days from May 1, 2025 is May 31, 2025, which fell on a Saturday, and

19   the Notice of Removal is thus timely because it was filed on the first non-weekend day thereafter.

20   *See* Fed. R. Civ. P. 6(a)(1)(C); *Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1128

21   (9th Cir. 2019) ("Thirty days from February 13, 2015, was Sunday, March 15, 2015, so the notice

22   of removal would have been timely filed on Monday, March 16, 2015.").

23

24

NOTICE OF REMOVAL                          - 2-
CASE NUMBER 2:25-cv-1042

1

**III.     PROPRIETY OF VENUE**

2          4.     Venue is proper here under 28 U.S.C. § 1441(a) because this Court is "the district

3     court of the United States for the district and division embracing" the location of the Superior

4     Court of the State of Washington for King County, where this action was filed.  28 U.S.C.

5     § 1441(a).

6     **IV.     BASIS OF REMOVAL**

7          5.     Removal is proper per 28 U.S.C. § 1441(a) because the district courts of the

8     United States have original jurisdiction of this action under 28 U.S.C. §§ 1332 and 1367.

9          6.     The district courts have original jurisdiction under 28 U.S.C. §§ 1332 and 1367

10    because there is complete diversity and the amount in controversy exceeds $75,000.

11         **A.  Plaintiff And Defendants Are Completely Diverse**

12         7.     Plaintiff alleges he resides in King County, Washington.  Compl. ¶ 15.  For

13    purposes of determining diversity, a person is a "citizen" of the state in which he or she is

14    domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983).  "A person's

15    domicile is her permanent home, where she resides with the intention to remain or to which she

16    intends to return."  *E.L.A. v. United States*, 2022 WL 2046135, at *4 (W.D. Wash. June 3, 2022).

17    "[A] party's residence is 'prima facie' proof of that person's domicile and, once a person's

18    domicile has been established it presumptively continues unless rebutted with sufficient evidence

19    of change."  *Id.*  For removal purposes, Plaintiff is a citizen of Washington.

20         8.     "To assess diversity jurisdiction involving a limited liability company, the Court

21    must consider the domicile of all members of the LLC."  *Am. Nw. Distributors Inc. v. Four Roses*

22    *Distillery LLC*, 2024 WL 3845881, at *1 (W.D. Wash. Aug. 16, 2024).

23

24

NOTICE OF REMOVAL                              - 3-
CASE NUMBER  2:25-cv-1042

1    9.    Defendant Tencent America LLC is indirectly owned 100% by Tencent Holdings

2  Limited, which is a Cayman entity with its principal place of business in China.  It is not a citizen

3  of Washington.  Declaration of Jung Won Byun, ¶¶ 4–7.

4    10.    Defendant Tencent Cloud LLC is indirectly owned 100% by Tencent Holdings

5  Limited, which is a Cayman entity with its principal place of business in China.  It is not a citizen

6  of Washington.  *Id.* ¶¶ 4–7.

7    11.    Defendant Proxima Beta U.S. LLC is indirectly owned 100% by Tencent

8  Holdings Limited, which is a Cayman entity with its principal place of business in China. It is

9  not a citizen of Washington.  *Id.* ¶¶ 4–7.

10    12.    Because Plaintiff is a citizen of Washington and no Defendant is a citizen of

11  Washington, there is complete diversity here because "the citizenship of each plaintiff is diverse

12  from the citizenship of each defendant."  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).[1]

13    **B.  The Amount In Controversy Exceeds $75,000**

14    13.    The amount in controversy exceeds $75,000, exclusive of interests and costs.

15    14.    Plaintiff seeks statutory damages of $5,000 as well as costs and attorneys' fees

16  pursuant to RCW 49.58.070 and RCW 49.58.110.

17    15.    The Ninth Circuit has held that where a statute or contract allows for the recovery

18  of attorneys' fees, those fees can be included in the amount in controversy for jurisdictional

19  purposes.  *Shoner v. Carrier Corp.*, 30 F.4th 1144, 1148 (9th Cir. 2022) ("We hold that attorneys'

20  fees are not 'costs' within the meaning of the [Magnuson-Moss Warranty Act] and therefore may

21

22

23  [1]    Although Plaintiff purported to name so-called "Doe" Defendants, their citizenship is
   irrelevant for purposes of assessing diversity.  28 U.S.C. § 1441(b) ("In determining whether a
   civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the

24  citizenship of defendants sued under fictitious names shall be disregarded.").

NOTICE OF REMOVAL                          - 4-
CASE NUMBER  2:25-cv-1042

**CORR CRONIN LLP**
1015 SECOND AVENUE, 10TH FLOOR
SEATTLE, WA 98104-1001
TEL: (206) 625-8600

1  be included in the amount in controversy if they are available to prevailing plaintiffs pursuant to

2  state fee-shifting statutes.").

3      16.     Indeed, when assessing the amount in controversy, a court "*must* include *future*

4  attorneys' fees recoverable by statute or contract when assessing whether the amount-in-

5  controversy requirement is met." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d

6  785, 794 (9th Cir. 2018) (emphasis added).  The removing party may provide an estimate of

7  future fees, and the court may also rely on its "own knowledge of customary rates and [its]

8  experience concerning reasonable and proper fees." *Id.* at 795.

9      17.     If past is prologue, Plaintiff's counsel easily wishes to obtain far in excess of

10  $70,000 in attorney's fees—which, when added to the $5,000 sought by Plaintiff himself,

11  satisfies the amount-in-controversy requirement.

12      18.     Plaintiff's counsel's hourly billable rate appears to be $725/hour.  Declaration of

13  Emily Harris, Ex. 1 at 7.  Thus, if counsel spends more than $96\frac{1}{2}$ hours on this case, the threshold

14  will be met.  It is reasonable to expect a law firm pursuing a putative complex class action likely

15  to involve dispositive motion practice, discovery (potentially implicating discovery disputes)

16  and/or a motion for class certification will spend that amount of time on the matter.  *See, e.g.*,

17  *Oakley v. Domino's Pizza LLC*, 2021 WL 509208, at \*3 (W.D. Wash. Feb. 11, 2021) (concluding

18  that defendant's estimate of "100 hours to litigate" a wage and hour class action under

19  Washington state law is "reasonable"); *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468,

20  at \*6 (C.D. Cal. Mar. 3, 2015) ("Recent estimates for the number of hours expended through trial

21  for employment cases in this district have ranged from 100 to 300 hours.").

22      19.     Moreover, in recent cases, Plaintiff's counsel secured fee awards into the six

23  figures.  *See* Declaration of Emily Harris, Exs. 2–3.  And in a case under the same statute as that

24

**NOTICE OF REMOVAL**                              - 5-
**CASE NUMBER**  2:25-cv-1042

1   at issue in this litigation, publicly available material indicates that Plaintiff's counsel reached a

2   settlement that called for a payment in excess of $1.1 million in attorneys' fees and costs. *See*

3   Declaration of Emily Harris, Ex. 4 at 4.

4       20.    The amount in controversy thus exceeds $75,000.

5   **V.    COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

6       21.    Defendants have satisfied all the procedural requirements for removal under 28

7   U.S.C. § 1446 and this Court's Local Rules.

8       22.    In accordance with 28 U.S.C. § 1446(b)(2)(A), all Defendants that have been

9   properly joined and served in this action have consented to this removal.

10      23.    None of the other Defendants (*i.e.*, the "Doe" Defendants) has been served with a

11  copy of the Summons and Complaint.

12      24.    Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly give written notice of

13  this Notice of Removal to Plaintiff and file a copy of this Notice of Removal with the clerk of

14  the King County Superior Court.

15      25.    Per LCR 101(b), a copy of the Complaint filed in King County Superior Court is

16  attached as Exhibit A, and a completed Civil Cover Sheet (AO44) is also attached. Further, a

17  certificate of service which lists all counsel and pro se parties who have appeared in this action,

18  with their contact information (including email addresses), is included *infra*. Plaintiff did not file

19  a Jury Demand in state court.

20      26.    Per LCR 101(c), within fourteen days of filing this Notice of Removal,

21  Defendants will file copies of all additional records and proceedings in the state court action,

22  together with counsel's verification that they are true and correct copies of all the records and

23  proceedings in the state court proceeding.

24

**NOTICE OF REMOVAL**                    **- 6-**
**CASE NUMBER**  2:25-cv-1042

**CORR CRONIN LLP**
1015 SECOND AVENUE, 10TH FLOOR
SEATTLE, WA 98104-1001
TEL: (206) 625-8600

## VI.    RESERVATION OF DEFENSES

27.    Nothing in this Notice of Removal shall be interpreted as a relinquishment of Defendants' rights to assert any defense, argument or affirmative matter.

28.    Defendants reserve the right to amend or supplement this Notice of Removal.

## VII.    CONCLUSION

WHEREFORE, Defendants give notice that the action served on them by Plaintiff and venued in King County Superior Court has been removed from that court to the United States District Court for the Western District of Washington at Seattle.

Dated: June 2, 2025                                        Respectfully submitted,

                                                           */s/ Emily J. Harris*
                                                           Emily J. Harris, WSBA No. 35763
                                                           CORR CRONIN LLP
                                                           1015 Second Avenue, Floor 10
                                                           Seattle, WA 98104-1001
                                                           Tel: (206) 625-8600
                                                           Fax: (206) 625-0900
                                                           eharris@corrcronin.com

                                                           HOLWELL SHUSTER & GOLDBERG LLP
                                                           Michael S. Shuster (*pro hac vice* forthcoming)
                                                           Blair E. Kaminsky (*pro hac vice* forthcoming)
                                                           425 Lexington Avenue, 14th Floor
                                                           New York, NY 10017
                                                           Tel: (646) 837-5151
                                                           Fax: (646) 837-5150
                                                           mshuster@hsgllp.com
                                                           bkaminsky@hsgllp.com

NOTICE OF REMOVAL                    - 7-
CASE NUMBER  2:25-cv-1042

**CORR CRONIN LLP**
1015 SECOND AVENUE, 10TH FLOOR
SEATTLE, WA 98104-1001
TEL: (206) 625-8600

# DECLARATION OF SERVICE

I, Elizabeth Roth, hereby declare and state as follows:

I am a citizen of the United States and a resident of the State of Washington; I am over the age of eighteen years and not a party to the within action.

On the date set forth below, I caused to be served:

**DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1367, 1441, AND 1446**

in the within matter by arranging for a copy to be delivered on the interested parties in said action, via e-mail, addressed as follows:

*Attorneys for Plaintiff*:

**Emery | Reddy, PLLC**
Timothy W. Emery
Patrick B. Reddy
Paul Cipriani
Hannah M. Hamley
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
Email: hannah@emeryreddy.com

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on June 2, 2025 at Seattle, Washington.

_____/s/ Elizabeth Roth_____

NOTICE OF REMOVAL                         - 8-
CASE NUMBER  2:25-cv-1042

**CORR CRONIN LLP**
1015 SECOND AVENUE, 10TH FLOOR
SEATTLE, WA 98104-1001
TEL: (206) 625-8600

# EXHIBIT A

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

FILED
2025 APR 30 03:22 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-13227-7 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

JOHN MILITO, individually and on behalf of
all others similarly situated,

                       Plaintiff,

    v.

TENCENT AMERICA LLC, a foreign limited
liability company doing business as TIMI
STUDIO GROUP; TENCENT CLOUD LLC,
a foreign limited liability company;
PROXIMA BETA U.S. LLC, a foreign
limited liability company doing business as
PROXIMA BETA US; and DOES 1-20, as yet
unknown Washington entities,

                       Defendants.

No.

**CLASS ACTION COMPLAINT FOR
DISCRIMINATION**

Plaintiff John Milito ("Plaintiff"), on behalf of himself and all others similarly situated

(the "Class"), by and through counsel, brings this action against Defendants Tencent America

LLC; Tencent Cloud LLC; and Proxima Beta U.S. LLC (collectively, "Defendants") and alleges,

upon personal knowledge as to Plaintiff's own actions and Plaintiff's counsel's investigation, and

upon information and belief as to all other matters, as follows:

**I.      NATURE OF THE EPOA**

    1.     This is a class action lawsuit to remedy Defendants' ongoing violation of Plaintiff

and Class members' civil rights.

CLASS ACTION COMPLAINT FOR DISCRIMINATION - 1

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

2.      Effective January 1, 2023, employers with 15 or more employees must disclose, in each posting for each job opening, the wage scale or salary range and a general description of all of the benefits and other compensation being offered to the hired applicant. *See* RCW 49.58.110(1).

3.      The Washington Legislature finds that "despite existing equal pay laws, there continues to be a gap in wages and advancement opportunities among workers in Washington." RCW 49.58.005(1). The Legislature further finds that "lower starting salaries translate into lower pay, less family income, and more children and families in poverty." RCW 49.58.005(3)(c).

4.      This lawsuit follows important, recent research which revealed pervasive pay disparity in Washington with respect to both women and other protected classes. In particular, the study found that women are paid 78 cents for every dollar paid to men—a decline from 80 cents to the dollar a decade ago. *See* Alison Saldanha, *Seattle's pay gap between women and men just won't stop growing* (Mar. 8, 2024), https://www.seattletimes.com/business/seattle-hits-rock-bottom-in-terms-of-the-pay-gap-between-women-and-men/.

5.      "Some folks do not have the networks or ability to negotiate salaries. Salaries vary wildly in companies within the same industry and applicants do not have the ability to know what the value of the position is." Engrossed Substitute S.B. 5761 House Bill Report, 67th Leg., Reg. Sess. (Wash. 2022). The pay transparency provision of the Washington Equal Pay and Opportunities Act ("EPOA"), RCW 49.58.110, "allows a discussion at the start of the process instead of after an offer has been made, which will increase the ability to negotiate pay." *Id.* Additionally, "[m]any candidates spend hours going through rounds of interviews only to find out they can't live on the offered pay." Engrossed Substitute S.B. 5761 Senate Bill Report, 67th Leg., Reg. Sess. (Wash. 2022). The EPOA makes Washington "more competitive" for job seekers. *Id.*

6.      "[P]ay range disclosures function primarily to correct information asymmetry: they give applicants access to key information that only the employer may know. This information is essential to help job candidates, particularly females and candidates in other protected classes,

CLASS ACTION COMPLAINT FOR DISCRIMINATION - 2

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

to achieve equal pay when faced with negotiating a starting salary. Pay range disclosures also stand to help current employees discover if they are being underpaid, either to ask for more or equitable compensation or, if the employee suspects discrimination, to initiate an enforcement action." Stephanie Bornstein, *The Enforcement Value of Disclosure*, 72 Duke L.J. 1771, 1789 (2023).

7.    "[T]he duty to disclose a pay range and to do so publicly goes further, serving other important purposes of a disclosure scheme. It may induce behavior-forcing effects by requiring an employer to identify the pay received by other employees currently in the position and set new employee pay comparably. The goal is that the employer will create pay uniformity based on the position itself rather than the person holding the position." *Id.* at 1790.

8.    "That pay range postings are public creates additional pressure on employers to provide accurate and fair salary ranges that will attract the best job applicants. And setting pay in a range to which an employer has publicly pre-committed may likely limit the role that even unconscious gender and racial biases play in pay setting." *Id.*

9.    On January 1, 2021, the State of Colorado enacted a similar pay transparency law that requires online job postings to include information about the expected salary of the position. "One early study of the Colorado pay range posting law showed that, among firms that complied, posted job salaries increased by 3.6 percent." *Id.* (citing David Arnold, Simon Quach & Bledi Taska, *The Impact of Pay Transparency in Job Postings on the Labor Market* 2 (Aug. 17, 2022) (unpublished manuscript), https://perma.cc/KBQ5-L9U2.

10.    This is a class action on behalf of individuals who applied to job openings with Defendants where the job postings did not include the wage scale or salary range being offered in direct violation of RCW 49.58.110.

11.    Plaintiff and the Class seek injunctive relief to address Defendants' refusal to include a wage scale or salary range in their job postings, and statutory damages pursuant to RCW 49.58.070 and RCW 49.58.110.

CLASS ACTION COMPLAINT FOR DISCRIMINATION - 3

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

## II.    JURISDICTION AND VENUE

12.    This Court has jurisdiction over this cause of action pursuant to RCW 2.08.010.

13.    Venue is proper in this Court pursuant to RCW 4.12.025 because the acts and omissions alleged took place, in whole or in part, in King County, Washington, and Defendants reside and transact business in King County, Washington.

14.    Federal jurisdiction is inappropriate under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(4)(A), because: (a) all Class members are applicants of a Washington employer, or were applicants of a Washington employer, at all times relevant to their interactions with Defendants; (b) Defendants are registered to conduct business, and regularly transact business, within Washington; and (c) the alleged conduct of Defendants occurred within Washington. Alternatively, federal jurisdiction is inappropriate under the Class Action Fairness Act because: (a) pursuant to 28 U.S.C. § 1332(d)(4)(B), more than two-thirds of the Class reside in Washington; and (b) pursuant to 28 U.S.C. § 1332(d)(2), the amount in controversy does not exceed the sum or value of $5,000,000, exclusive of interest and costs.

## III.    PARTIES

15.    Plaintiff John Milito resides in King County, Washington and applied for a position with Defendants in the State of Washington.

16.    Defendant Tencent America LLC is a foreign limited liability company doing business as Timi Studio Group. Defendant Tencent America LLC regularly transacts business in King County, Washington and has an office for the transaction of business in King County, Washington, at 929 108th Avenue, Bellevue, Washington 98004.

17.    Defendant Tencent Cloud LLC is a foreign limited liability company that regularly transacts business in King County, Washington and has an office for the transaction of business in King County, Washington, at 929 108th Avenue, Bellevue, Washington 98004.

18.    Defendant Proxima Beta U.S. LLC is a foreign limited liability company doing business as Proxima Beta US. Defendant Proxima Beta U.S. LLC regularly transacts business in Washington.

CLASS ACTION COMPLAINT FOR DISCRIMINATION - 4

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

19.     Plaintiff is currently unaware of the true names and capacities of the defendants sued herein under fictitious names Does 1-20, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of the fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes, and thereon alleges, each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff and the Class.

## IV.    STATEMENT OF FACTS

20.     Effective January 1, 2023, all Washington employers with 15 or more employees are required to disclose, in each posting for each job opening, the wage scale or salary range, and a general description of all of the benefits and other compensation being offered to the hired applicant. *See* RCW 49.58.110.

21.     For the purposes of RCW 49.58.110, "posting" means any solicitation intended to recruit job applicants for a specific available position, including recruitment done directly by an employer or indirectly through a third party, and includes any postings done electronically, or with a printed hard copy, that includes qualifications for desired applicants. RCW 49.58.110(1).

22.     Defendants employ more than 15 individuals.

23.     From January 1, 2023, to the present, Plaintiff and more than 40 Class members applied to job openings with Defendants for positions located in Washington where the postings did not disclose the wage scale or salary range, and/or a general description of all of the benefits and other compensation to be offered to the hired applicant.

24.     Despite RCW 49.58.110 becoming effective January 1, 2023, Defendants continue to withhold pay and/or benefits information in some, if not all, of their job postings for Washington-based positions.

25.     As of the date of this filing, Defendants continue to employ discriminatory hiring practices as a result of their ongoing refusal to comply with RCW 49.58.110.

26.     Defendants' refusal to post a wage scale or salary range, and/or a general

CLASS ACTION COMPLAINT FOR DISCRIMINATION - 5

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

description of all of the benefits and other compensation to be offered, in job postings is a violation of Plaintiff and Class members' civil rights, as specifically defined by RCW 49.58.110.

27.    On or about April 17, 2025, Plaintiff applied for a job opening in King County, Washington with Defendants.

28.    The posting for the job opening Plaintiff applied to did not disclose the wage scale or salary range, and a general description of all of the benefits and other compensation to be offered to the hired applicant.

29.    In working through the application, Plaintiff expected that at some point he would learn the pay range and the benefits offered for the open position.

30.    However, Defendants withheld the pay range and the benefits offered for the open position in the job posting and throughout the application process, forcing Plaintiff to complete the entire application without learning the pay range and the benefits offered.

31.    A true and correct copy of Defendants' job posting that Plaintiff responded to is attached hereto as Exhibit 1.

32.    As a result of Defendants' refusal to publish the wage scale or salary range within the job posting, Plaintiff was unable to determine the pay range for the position.

33.    As a result of Defendants' refusal to disclose the pay range and benefits, Plaintiff remains unable to evaluate the pay for the position and compare that pay to other available positions in the marketplace, which negatively impacts Plaintiff's current and lifetime wages.

34.    As a result of Defendants' refusal to disclose the pay range and benefits in the job posting, Plaintiff's ability to negotiate pay remains adversely affected.

35.    Plaintiff lost valuable time applying for a position for which the wage scale or salary range being offered was not disclosed. As noted by the Legislature, "[m]any candidates spend hours going through rounds of interviews only to find out they can't live on the offered pay." Engrossed Substitute S.B. 5761 Senate Bill Report, 67th Leg., Reg. Sess. (Wash. 2022).

36.    Plaintiff has experienced economic and non-economic harm as a direct result of Defendants' discriminatory hiring practices, their violation of RCW 49.58.110, and their

CLASS ACTION COMPLAINT FOR DISCRIMINATION - 6

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

1   contribution to wage inequality as a result of their refusal to post a pay range and benefits in the

2   job postings they publish.

3      37.    Plaintiff and the Class are victims of Defendants' discriminatory hiring practices,

4   which are specifically prohibited by RCW 49.58.110.

5      38.    Defendants engaged in a common course of conduct of failing to disclose the wage

6   scale or salary range, and/or a general description of all of the benefits and other compensation to

7   be offered to the hired applicant, in the job postings to which Plaintiff and the Class applied.

8      39.    As a result of Defendants' systemic violations of RCW 49.58.110, and the EPOA

9   generally, the Class has experienced harm identical to that experienced by Plaintiff.

10     40.    Plaintiff and each Class member seek statutory damages of $5,000, plus their

11  reasonable attorneys' fees and costs.

12                  V.    CLASS ACTION ALLEGATIONS

13     41.    Class Definition. Under Civil Rule 23(a) and (b)(3), Plaintiff brings this case as a

14  class action against Defendants on behalf of the Class defined as follows (the "Class"):

15          All individuals who, from January 1, 2023, through the date notice
            is provided to the Class, applied for a job opening in the State of
16          Washington with Tencent America LLC; Tencent Cloud LLC; or
            Proxima Beta U.S. LLC, where the job posting did not disclose a
17          wage scale or salary range, and/or a general description of all of the
            benefits and other compensation to be offered to the hired applicant.
18

19     42.    Excluded from the Class are Defendants and Defendants' officers, directors, and

20  independent contractors, and any judge to whom this case is assigned, as well as his or her staff

21  and immediate family.

22     43.    Numerosity. There are potentially dozens of Class members who applied for jobs

23  with Defendants within the time period relevant to this matter. Joinder of all such individuals is

24  impracticable. Further, the disposition of all claims of the Class in a single action will provide

25  substantial benefits and efficiency to all parties and to the Court.

26     44.    Commonality. Because Class members applied for job openings that did not

27  disclose the wage scale, salary range, and/or benefits being offered, this is a straightforward

CLASS ACTION COMPLAINT FOR DISCRIMINATION - 7

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

1   matter of determining whether Defendants' actions violate Washington law, and, if so, assessing

2   statutory damages.

3        45.    Typicality. Plaintiff's claims are typical of the claims of the Class. Plaintiff and

4   Class members applied for job openings with Defendants that did not disclose the wage scale,

5   salary range, and/or benefits being offered.

6        46.    Adequacy. Plaintiff will fairly and adequately protect the interests of the Class.

7   Plaintiff has retained competent and capable attorneys with substantial experience in complex

8   class action litigation. Plaintiff and Plaintiff's counsel are committed to prosecuting this action

9   vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor

10   Plaintiff's counsel have interests that are contrary to or that conflict with those of the Class.

11       47.    Predominance. Defendants have engaged in a common course of conduct of failing

12   to disclose the wage scale, salary range, and/or benefits being offered in job postings in violation

13   of RCW 49.58.110. The common issues arising from Defendants' unlawful conduct affect

14   Plaintiff and Class members and predominate over any individual issues. Adjudication of these

15   common issues in a single action has the important and desirable advantage of judicial economy.

16       48.    Superiority. Plaintiff and the Class have suffered, and will continue to suffer, harm

17   and damages as a result of Defendants' unlawful and wrongful conduct. Absent a class action,

18   however, most Class members would find the cost of litigating their claims prohibitive, especially

19   when that cost is balanced against each individual's respective potential award. Class treatment

20   is superior to multiple individual lawsuits or piecemeal litigation because it conserves judicial

21   resources, promotes consistency and efficiency of adjudication, provides a forum for claimants

22   with smaller cases and those with few resources, and deters illegal activities. There will be no

23   significant difficulty in the management of this case as a class action. The members of the Class

24   and the job postings to which they applied are readily identifiable through Defendants' own

25   records.

26

27

CLASS ACTION COMPLAINT FOR DISCRIMINATION - 8

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

## VI.    CAUSE OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF RCW 49.58.110
*Claim of Relief for Plaintiff and the Class*

49.    Plaintiff incorporates by reference all foregoing factual allegations and realleges them as though fully set forth herein.

50.    As described more fully above, Defendants did not disclose the wage scale or salary range, and/or a general description of all of the benefits and other compensation to be offered to the hired applicant, in their job postings seeking workers for their Washington locations.

51.    On or after January 1, 2023, Plaintiff and Class members applied for job openings with Defendants where the job postings did not disclose the wage scale or salary range, and/or a general description of all of the benefits and other compensation to be offered to the hired applicant.

52.    Defendants' actions and omissions violate RCW 49.58.110.

53.    As a result of Defendants' actions and omissions, Plaintiff and the Class have experienced economic and non-economic harm.

54.    Plaintiff and the Class seek statutory damages pursuant to RCW 49.58.070 and RCW 49.58.110, as opposed to their actual damages.

55.    Plaintiff and the Class also seek to recover their costs and reasonable attorneys' fees.

## VII.    REQUEST FOR RELIEF

Plaintiff, individually and on behalf of the members of the Class, requests that the Court enter judgment against Defendants as follows:

56.    An order certifying that this action be maintained as a class action and appointing Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

57.    Statutory damages of $5,000 to Plaintiff and each Class member pursuant to RCW 49.58.070 and RCW 49.58.110;

CLASS ACTION COMPLAINT FOR DISCRIMINATION - 9

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

58.   Costs and reasonable attorneys' fees pursuant to RCW 49.58.070 and RCW 49.58.110;

59.   Preliminary and permanent injunctive relief prohibiting, restraining, and enjoining Defendants from engaging in the conduct complained of herein, including, but not limited to, an order requiring Defendants to disclose a wage scale or salary range, and a general description of all of the benefits and other compensation to be offered to the hired applicant, in job postings for jobs located in Washington;

60.   Declaratory relief to the effect that Defendants' failure to disclose in each posting for each Washington job opening the wage scale, or salary range, and/or benefits violates Washington law;

61.   Pre- and post-judgment interest;

62.   Leave to amend the Class Action Complaint to conform to the evidence; and

63.   Any additional or further relief which the Court deems equitable, appropriate, or just.

DATED April 30, 2025                    EMERY | REDDY, PLLC

By:   /s/ Timothy W. Emery
Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Hannah M. Hamley, WSBA No. 59020
Emery Reddy, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
Email: hannah@emeryreddy.com
*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT FOR DISCRIMINATION - 10

