THE HONORABLE JAMAL N. WHITEHEAD

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11 | JOHN MILITO, individually and on behalf of all others similarly situated,

Case No. 2:25-cv-01042

12

Plaintiff,

13

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

14 | v.

**Noted on Motion Calendar: July 7, 2025**

15 | TENCENT AMERICA LLC, a foreign limited liability company doing business as TIMI STUDIO GROUP; TENCENT CLOUD LLC, a foreign limited liability company; PROXIMA BETA U.S. LLC, a foreign limited liability company doing business as PROXIMA BETA US; and DOES 1-20, as yet unknown Washington entities,

16

17

18

19

20

21

Defendants.

22

23

24

25

26

27

DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND
CASE NUMBER 2:25-CV-01042

CORR CRONIN LLP
1015 SECOND AVENUE, 10TH FLOOR
SEATTLE, WA 98104-1001
TEL: (206) 625-8600

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................... 1

II. STATEMENT OF FACTS AND PROCEDURAL HISTORY ................................. 3

   A.  Plaintiff Sues Defendants, Citing "Economic and Non-Economic Harm" ............... 3

   B.  When Plaintiff Submitted an "Application," the Tencent Careers
       Website Displayed the Required Information ................................................... 4

   C.  Plaintiff is a Serial Litigant ........................................................................ 5

   D.  The *Branson* Litigation Is Instructive ........................................................ 6

   E.  King County Superior Court Stayed This Action, and Defendants
       Removed ....................................................................................................... 7

III. ARGUMENT ......................................................................................................... 9

   A.  The Court Should Confirm the Superior Court's Stay Order or, in the
       Alternative, Enter Its Own Stay Order ....................................................... 9

   B.  The Court Should Reject Plaintiff's Claim that He Has Not Pled an
       Injury ......................................................................................................... 12

   C.  The Amount in Controversy Exceeds $75,000 ........................................... 15

   D.  Remand Would Be Futile ........................................................................... 20

IV. CONCLUSION ...................................................................................................... 24

DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND
CASE NUMBER 2:25-CV-01042

**CORR CRONIN LLP**
1015 SECOND AVENUE, 10TH FLOOR
SEATTLE, WA 98104-1001
TEL: (206) 625-8600

1

## TABLE OF AUTHORITIES

2

3

**Cases**                                                                        **Page(s)**

*Airline Serv. Providers Ass'n v. Los Angeles World Airports*,
   873 F.3d 1074 (9th Cir. 2017) .......................................................... 13

*Atkinson v. Aaron's LLC*,
   733 F. Supp. 3d 1056 (W.D. Wash. 2024) .................................. 11, 14

*Branson v. Washington Fine Wine & Spirits, LLC*,
   No. 2:24-cv-00589, Dkt. 25 (W.D. Wash. June 12, 2024) ................ 7, 19

*Branson v. Washington Fine Wines & Spirits, LLC*,
   2024 WL 4510680 (W.D. Wash. Aug. 20, 2024) ............................ 1, 7

*Branson v. Washington Fine Wines & Spirits, LLC*,
   557 P.3d 253 (Wash. 2024) ............................................................. 7

*Canela v. Costco Wholesale Corporation*,
   971 F.3d 845 (9th Cir. 2020) ........................................................ 19

*Centeno v. Inslee*,
   310 F.R.D. 483 (W.D. Wash. 2015) ............................................. 10

*City of Snoqualmie v. Constantine*,
   187 Wn. 2d 289, 386 P.3d 279 (2016) ........................................ 22

*Dean v. Lehman*,
   143 Wn. 2d 12, 18 P.3d 523 (2001) ............................................ 21

*Dennis v. Amerigroup Wash., Inc.*,
   2019 WL 7756256 (W.D. Wash. Sept. 19, 2019) .......................... 17

*Doe v. Stephen*,
   2020 WL 12309715 (S.D. Iowa June 23, 2020) ........................... 10

*Elliot v. Spherion Pac. Work, LLC*,
   572 F. Supp. 2d 1169 (C.D. Cal. 2008), *aff'd*, 368 F. App'x 761 (9th Cir. 2010) ............... 14

*Farris v. Munro*,
   99 Wn. 2d 326, 662 P.2d 821 (1983) .......................................... 23

*Floyd v. Photon InfoTech Inc.*,
   2024 WL 5075017 (W.D. Wash. Dec. 10, 2024) .......................... 10

*Freedom Found. v. Washington State Pub. Disclosure Comm'n*,
   26 Wn. App. 2d 1009, 2023 WL 2756240, *review denied*, 1 Wn. 3d 1036,
   536 P.3d 188 (2023) ..................................................................... 21

*Fritsch v. Swift Transp. Co. of Ariz., LLC*,
   899 F.3d 785 (9th Cir. 2018) ........................................................ 15

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**DEFENDANTS' OPPOSITION**
**TO PLAINTIFF'S MOTION TO REMAND**
**CASE NUMBER 2:25-CV-01042**

**- 2 -**

**CORR CRONIN LLP**
1015 SECOND AVENUE, 10TH FLOOR
SEATTLE, WA 98104-1001
TEL: (206) 625-8600

*Giannini v. Nw. Mut. Life Ins. Co.*,
  2012 WL 1535196 (N.D. Cal. Apr. 30, 2012) ........................................................ 15

*Gibson v. Chrysler*,
  261 F.3d 927 (9th Cir. 2001) ............................................................................ 19

*Glob. Rescue Jets, LLC v. Kaiser Found. Health Plan, Inc.*,
  30 F.4th 905 (9th Cir. 2022) ............................................................................ 20

*Goldberg v. CPC International*,
  678 F.2d 1365 (9th Cir. 1982) .......................................................................... 20

*Gordon v. Entergy New Orleans, Inc.*,
  2008 WL 417755 (E.D. La. Feb. 13, 2008) ........................................................ 10

*Gov't Emps. Ins. Co. v. Dizol*,
  133 F.3d 1220 (9th Cir. 1998) .......................................................................... 15

*Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70
  of Alameda Cnty.*,
  415 U.S. 423 (1974) ........................................................................................ 9

*Hill v. Les Schwab Tire Centers of Washington LLC*,
  2024 WL 4765145 (W.D. Wash. Oct. 30, 2024) .................................................. 10

*Hubbard v. Accel Schools LLC*,
  No. 2:24-cv-01127, Dkt. 29 (W.D. Wash. Nov. 25, 2024) ...................................... 8

*Kent v. Tech Mahindra (Americas) Inc.*,
  No. 2:24-cv-01168, Dkt. 26 (W.D. Wash. Nov. 18, 2024) ................................. 1, 12

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ........................................................................................ 10

*Leyva v. Certified Grocers of California, Ltd.*,
  593 F.2d 857 (9th Cir. 1979) ............................................................................ 10

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ........................................................................................ 21

*Magadia v. Wal-Mart Associates, Inc.*,
  999 F.3d 668 (9th Cir. 2021) ............................................................................ 13

*Milito v. Snowflake Inc.*,
  No. 2:25-cv-00453, Dkt. 18 (W.D. Wash. Apr. 30, 2025) .................................. 1, 7

*Milito v. Wizards of the Cost LLC*,
  No. 2:24-cv-01111, Dkt. 19 (W.D. Wash. Nov. 18, 2024) .............................. 1, 11, 12

*Milito v. Firebolt Analytics, Inc.*,
  No. 2:24-cv-1667, Dkt. 12 (W.D. Wash. Nov. 18, 2024) ...................................... 11

*Nyannor v. Aramark Services*,
  No. 2:24-cv-1543, Dkt. 13 (W.D. Wash. Nov. 20, 2024) .............................. 1, 7, 11

DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND
CASE NUMBER 2:25-CV-01042

- 3 -

**CORR CRONIN LLP**
1015 SECOND AVENUE, 10TH FLOOR
SEATTLE, WA 98104-1001
TEL: (206) 625-8600

*Polo v. Innoventions Int'l,*
   833 F.3d 1193 (9th Cir. 2016) ................................................................20

*Raines v. Byrd,*
   521 U.S. 811 (1997)................................................................................14

*Sauk-Suiattle Indian Tribe v. City of Seattle,*
   56 F.4th 1179 (9th Cir. 2022) ................................................................20

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,*
   549 U.S. 422 (2007)...........................................................................1, 11

*Sisley v. Sprint Commc'ns Co., L.P.,*
   284 F. App'x 463 (9th Cir. 2008) ..........................................................13

*Skaff v. Meridien North America Beverly Hills, LLC,*
   506 F.3d 832 (9th Cir. 2007) ............................................................2, 15

*Snohomish Cnty. Pub. Transp. Ben. Area v. State Pub. Emp. Rels. Comm'n,*
   173 Wn. App. 504, 294 P.3d 803 (2013) ............................................3, 21

*Sobera v. DePuy Orthopaedics, Inc.,*
   2014 WL 1653077 (N.D. Cal. Apr. 24, 2014) .......................................11

*Sosna v. Iowa,*
   419 U.S. 393 (1975).............................................................................19-20

*Spencer v. Vera Whole Health, Inc.,*
   2024 WL 3276578 (W.D. Wash. July 2, 2024) ......................................14

*Tacoma Auto Mall v. Nissan North America,*
   169 Wn. App. 111, 279 P.3d 487 (2012) ............................................3, 21

*TransUnion LLC v. Ramirez,*
   594 U.S. 413 (2021)................................................................................13

*Trepanier v. City of Everett,*
   64 Wn. App. 380, 824 P.2d 524 (1992) .................................................22

*United States v. Students Challenging Regul. Agency Procs.,*
   412 U.S. 669 (1973)................................................................................22

*United States v. Students Challenging Regul. Agency Procs.,*
   412 U.S. 669 (1973)................................................................................22

*Wallace v. Marten Transport,*
   No. 2:24-cv-00872, Dkt. 39 (W.D. Wash. Apr. 16, 2025) ..............1, 10, 11

*Washington Natural Gas Company v. Public Utility District,*
   77 Wn. 2d 94, 459 P.2d 633 (1969).......................................................22

*Washington State Housing Finance Commission v. National Homebuyers Fund,*
   193 Wn. 2d 704, 445 P.3d 533 (2019)....................................................23

*Weaver v. Pfizer, Inc.,*
   2014 WL 2002212 (E.D. Cal. May 15, 2014) ........................................11

DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND
CASE NUMBER 2:25-CV-01042

- 4 -

**CORR CRONIN LLP**
1015 SECOND AVENUE, 10TH FLOOR
SEATTLE, WA 98104-1001
TEL: (206) 625-8600

*Wilder v. Bank of Am., N.A.*,
    2014 WL 6896116 (C.D. Cal. Dec. 5, 2014) ...................................................................... 15

*Zahn v. International Paper*,
    414 U.S. 291 (1973) ...................................................................................................... 15

**Statutes**

28 U.S.C. § 1450 ................................................................................................................... 9
RCW 49.58.070 ....................................................................................................... 4, 15, 19
RCW 49.58.110 ............................................................................................................. 4, 15

**Rules**

Fed. R. Civ. P. 11(b)(3) ...................................................................................................... 12
Wash. Super. Ct. Civ. R. 11(a) ........................................................................................... 12

**DEFENDANTS' OPPOSITION**
**TO PLAINTIFF'S MOTION TO REMAND**
**CASE NUMBER 2:25-CV-01042**

\- 5 -

**CORR CRONIN LLP**
1015 SECOND AVENUE, 10TH FLOOR
SEATTLE, WA 98104-1001
TEL: (206) 625-8600

## I.    INTRODUCTION

Before removal, the parties to this action stipulated that it should be stayed pending the Washington Supreme Court's decision interpreting the Washington Equal Pay and Opportunities Act ("EPOA"). That decision—on whether a plaintiff must be a bona fide job applicant to seek relief under EPOA—is all but certain to resolve Plaintiff's stated basis for his remand motion and may well dispose of this entire litigation. For these reasons, Plaintiff seeks to shield this Court from scrutinizing his claims. Unfortunately for Plaintiff, his motion is dead on arrival.

*First*, the stay entered by the Superior Court remains in effect unless and until this Court changes it. Alternatively, this Court should enter a stay itself. It is beyond cavil that a stay pending the Washington Supreme Court's decision in *Branson v. Washington Fine Wine & Spirits* is appropriate. The *Branson* court itself issued a stay pending that decision, as have several other judges in this District. *See, e.g.*, *Branson v. Washington Fine Wines & Spirits, LLC*, 2024 WL 4510680, at *2 (W.D. Wash. Aug. 20, 2024); *Kent v. Tech Mahindra (Americas) Inc.*, No. 2:24-cv-01168, Dkt. 26 (W.D. Wash. Nov. 18, 2024); *Milito v. Wizards of the Cost LLC*, No. 2:24-cv-01111, Dkt. 19 (W.D. Wash. Nov. 18, 2024); *Wallace v. Marten Transport*, No. 2:24-cv-00872, Dkt. 39 (W.D. Wash. Apr. 16, 2025). And this Court likewise entered an order upon a stipulated stay, in *Nyannor v. Aramark Services*, No. 2:24-cv-1543, Dkt. 13 (W.D. Wash. Nov. 20, 2024) (Whitehead, J.). Indeed, Plaintiff *himself* has stipulated to a stay pending *Branson* in at least one other action in this District. *Milito v. Snowflake Inc.*, No. 2:25-cv-00453, Dkt. 18 (W.D. Wash. Apr. 30, 2025).

Plaintiff's argument that this Court lacks authority to issue a stay here without first determining its subject matter jurisdiction is without merit. Federal courts have the power to issue orders concerning "threshold, nonmerits" issues prior to assessing jurisdiction. *See, e.g.*, *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31, 433 (2007). This

DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND
CASE NUMBER 2:25-CV-01042

CORR CRONIN LLP
1015 SECOND AVENUE, 10TH FLOOR
SEATTLE, WA 98104-1001
TEL: (206) 625-8600

Court should either confirm that the state court stay remains in place or issue its own order staying the case pending *Branson*, as it did in *Nyannor*.

*Second*, even if the Court considers the merits of the remand motion, it is clear that the motion should be denied.

Plaintiff's primary argument—that he lacks Article III standing because he failed to plead an "injury in fact"—*ignores* his own Complaint, which alleges that he suffered "economic and non-economic harm." Compl. ¶ 36. The Court should not reward Plaintiff's attempt to run from his own Complaint, as the Ninth Circuit has made clear that courts should look to "the initial complaint" to "determine whether [plaintiff] had standing, accepting as true all of the complaint's material allegations." *Skaff v. Meridien North America Beverly Hills, LLC*, 506 F.3d 832, 838–39 (9th Cir. 2007). And Plaintiff's counsel themselves have argued to other courts that similar allegations of harm are sufficient to establish Article III jurisdiction. *See* Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, *Atkinson v. Aaron's LLC*, No. 2:23-cv-01742, Dkt. 29 at 12 (W.D. Wash. Feb. 12, 2024).

Plaintiff's attack on the amount in controversy is similarly infirm. While attempting to hide behind the $5,000 statutory damages he seeks on his behalf, he does not dispute that it is appropriate to consider potential attorney's fees available by statute when assessing the amount in controversy. And Plaintiff's counsel's filings in other cases all but confirm that they will spend in excess of $70,000 litigating this case, which when coupled with the $5,000 claim, meets the jurisdictional minimum.

*Third*, even if the Court were inclined to hold that it lacks jurisdiction, it should apply the well-established "futility" exception and dismiss the case instead of remanding it. Plaintiff's concession—now made in a motion to remand—that he has not pled injury in fact will lead to

**DEFENDANTS' OPPOSITION**
**TO PLAINTIFF'S MOTION TO REMAND**
**CASE NUMBER 2:25-CV-01042**

\- 2 -

**CORR CRONIN LLP**
1015 SECOND AVENUE, 10TH FLOOR
SEATTLE, WA 98104-1001
TEL: (206) 625-8600

certain dismissal if the case is remanded.  Washington state courts—just like federal courts—require a plaintiff to demonstrate injury in fact.  *E.g.*, *Tacoma Auto Mall v. Nissan North America*, 169 Wn. App. 111, 118–19, 279 P.3d 487, 491 (2012).  And "Washington courts interpret the injury-in-fact test consistently with federal case law."  *Snohomish Cnty. Pub. Transp. Ben. Area v. State Pub. Emp. Rels. Comm'n*, 173 Wn. App. 504, 513, 294 P.3d 803, 808 (2013).  While Plaintiff has pointed to certain decisions supposedly "relaxing" standing requirements in state court, he has not cited a *single* decision by any court in Washington (or anywhere else) holding that an *individual* lacking an actual injury has standing to sue for *damages* on behalf of himself and a putative class of strangers who might actually allege having suffered an injury.  Thus, rather than remand the case so that a Washington court can summarily dismiss, this Court should dismiss this case now.

*    *    *

To be sure, Plaintiff cites decisions from this Court remanding EPOA litigation.  But over half of those decisions predate the Washington Supreme Court taking up *Branson*, and since then a number of judges in this District have declined to remand, including Judge Chun in *Branson*, who stayed the action pending a decision from the Washington Supreme Court.

Defendants respectfully request that this Court stay this action pending *Branson* or alternatively deny the motion to remand.

## II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A.    Plaintiff Sues Defendants, Citing "Economic and Non-Economic Harm"

Plaintiff commenced this action on behalf of himself and a putative class on April 30, 2025, by filing his Complaint in King County Superior Court.  Dkt. 1, Ex. A ("Compl.").  He alleges that "on or about April 17, 2025 Plaintiff applied for a job opening in King County, Washington with Defendants," and that "[t]he posting for the job opening Plaintiff applied to did

**DEFENDANTS' OPPOSITION**
**TO PLAINTIFF'S MOTION TO REMAND**
**CASE NUMBER 2:25-CV-01042**
- 3 -
**CORR CRONIN LLP**
1015 SECOND AVENUE, 10TH FLOOR
SEATTLE, WA 98104-1001
TEL: (206) 625-8600

1  not disclose the wage scale or salary range, and a general description of all of the benefits and

2  other compensation to be offered to a hired applicant."  *Id.* ¶¶ 27–28.  And he purports to file on

3  behalf of a putative class of applicants, on the grounds that "potentially dozens of Class members

4  . . . applied for jobs with Defendants" on or after January 1, 2023.  *Id.* ¶ 43.  The Complaint

5  claims that Defendants' alleged failure to include the wage scale or salary range and a description

6  of benefits and compensation violated the pay transparency provision of EPOA, RCW 49.58.110.

7  *Id.* ¶¶ 51–52.

8      Nowhere in the Complaint does Plaintiff allege that he wanted or would have accepted

9  the position if offered it.  Nevertheless, he complains of "economic and non-economic harm" and

10  seeks statutory damages of $5,000 for himself and for each other "applicant" in his putative class.

11  *Id.* ¶¶ 33, 57–58 (citing RCW 49.58.070).

12  **B.  When Plaintiff Submitted an "Application," the Tencent Careers Website Displayed the Required Information**

13      At the time Plaintiff says he applied for the job of "data analyst," the posting for that job

14  on the Tencent Careers website displayed the corresponding salary and benefits information that

15  Plaintiff alleges was missing:

16      The base pay range for this position in the state(s) above is $33.5 to $60.0 per hour. Actual pay is based on
17      market location and may vary depending on job-related knowledge, skills, and experience. A sign on payment,
       relocation package, and restricted stock units may be provided as part of the compensation package, as well as
18      other medical, financial, and/or other benefits, dependent on the specific position offered.

19      Employees (and their families) are covered by medical, dental, vision, and basic life insurance. Employees are
       also able eligible to participate in the Company's 401(k) plan, accrue from 15 up to 25 days of vacation leave per
20      year, up to 10 paid holidays per year, 2 floating holidays and accrue up to 10 days of paid sick leave per year.
       Your benefits eligibility requirement will be adjusted to reflect your location, employment status, duration of
21      employment with the company, and position level. Benefits may be pro-rated for those who start working during
       the calendar year.

22  Dkt. 16, Ex. 1.  Plaintiff's Complaint does not explain why the screenshot he attached to the

23  Complaint does not reflect this information from the Tencent Careers website at the time he says

24  he applied or whether he saw that information.

1

## C.    Plaintiff is a Serial Litigant

This case is one of nearly three dozen filed by Plaintiff using EPOA—and the threat of millions of dollars in damages—to pressure defendants into settlements, casting further doubt on the Complaint's allegations.

Mr. Milito has filed each of these cases in King County Superior Court in the last year alleging violations of EPOA, all through the same counsel.[1]  Plaintiff's Complaints in these

---

[1] *See Milito v Wizards of the Coast LLC, et al.*, No. 24-2-13892-7 SEA (King Co. June 20, 2024); *Milito v. Blue Origin, LLC, et al.*, No. 24-2-13897-8 SEA (King Co. June 20, 2024); *Milito v. Robinhood Markets, Inc. et al.*, No. 24-2-15295-4 SEA (King Co. July 9, 2024); *Milito v. Belcan Engineering Group, LLC, et al.*, No. 24-2-20265-0 SEA (King Co. Sept. 6, 2024); *Milito v. Brook Inc., et al.*, No. 24-2-20266-8 SEA (King Co. Jan Sept. 6, 2024); *Milito v. CloudMoyo, Inc.*, 24-2-20269-2 SEA (King Co. Sept. 6, 2024); *Milito v. Firebolt Analytics, Inc.*, 24-2-20272-2 SEA (King Co. Sept. 6, 2024); *Milito v. Lowes Home Centers, LLC*, No. 24-2-20273-1 SEA (King Co. Sept. 6, 2024); *Milito v. Yoh Services LLC, et al.*, 24-2-20276-5 SEA (King Co. Sept. 6, 2024); *Milito v. CB Pacific, Inc., et al.*, No. 24-2-20410-5 SEA (King Co. Sept. 9, 2024); *Milito v. People Tech Group Inc., et al.*, No. 24-2-20413-0 SEA (King Co. Sept. 9, 2024); *Milito v. TikTok Inc., et al.*, No. 24-2-20511-0 SEA (King Co. Sept. 10, 2024); *Milito v. ByteDance, Inc.*, No. 24-2-20512-8 SEA (King Co. Sept. 10, 2024); *Milito v. Tata Consultancy Services Ltd., et al.*, No. 25-2-03019-9 SEA (King Co. Jan. 31, 2025); *Milito v. Randstad Digital LLC, et al.*, No. 25-2-03397-0 SEA (King Co. Feb. 4, 2025); *Milito v. Sinclair Television Media Inc., et al.*, No. 25-2-03852-1 SEA (King Co. Feb. 7, 2025); *Milito v. Snap Inc.*, No. 25-2-03854-8 SEA (King Co. Feb. 7, 2025); *Milito v. Snowflake Inc., et al.*, No. 25-2-03859-9 SEA (King Co. Feb. 7, 2025); *Milito v. Mod Super Fast Pizza LLC, et al.*, No. 25-2-04186-7 SEA (King Co. Feb. 11, 2025); *Milito v. Atlassian Inc., et al.*, No. 25-2-05717-8 SEA (King Co. Feb. 20, 2025); *Milito v. Shein Technology LLC, et al.*, No. 25-2-06683-5 SEA (King Co. Feb. 27, 2025); *Milito v. TCT Mobile, Inc., et al.*, No. 25-2-07459-5 SEA (King Co. Mar. 6, 2025); *Milito v. Exsilio Consulting, Inc., et al.*, No. 25-2-08410-8 SEA (King Co. Mar. 14, 2025); *Milito v. Groundlight, Inc., et al.*, No. 25-2-08411-6 SEA (King Co. Mar. 14, 2025); *Milito v. Capgemini America Inc., et al.*, No. 25-2-09010-8 SEA (King Co. Mar. 20, 2025); *Milito v. Honeywell Int'l Inc., et al.*, No. 25-2-09696-3 SEA (King Co. Mar. 27, 2025); *Milito v. Adora Technologies, Inc., et al.*, No. 25-2-13235-8 SEA (King Co. Apr. 30, 2025); *Milito v. Meta Platforms Inc., et al.*, No. 25-2-13740-6 SEA (King Co. May 6, 2025); *Milito v. Infosys Ltd., et al.*, No. 25-2-16711-9 SEA (King Co. June 4, 2025); *Milito v. Salesforce Inc.*, No. 25-2-17352-6 SEA (King Co. June 10, 2025); *Milito v. Ookla LLC*, No. 25-2-17772-6 SEA (King Co. June 13, 2025); *Milito v. Splunk LLC*, No. 25-2-18362-9 SEA (King Co. June 20, 2025); *Milito v. Qualtrics LLC*, No. 25-2-18494-3 SEA (King Co. June 20, 2025); *Milito v. Expedia, Inc., et al.*, No. 25-2-18706-3 (King Co. June 25, 2025); *Milito v. Textnow Inc.*, No. 25-2-18708-0 (King Co. June 25, 2025).

DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND
CASE NUMBER 2:25-CV-01042

- 5 -

**CORR CRONIN LLP**
1015 SECOND AVENUE, 10TH FLOOR
SEATTLE, WA 98104-1001
TEL: (206) 625-8600

1    actions allege no facts to show that he had any genuine interest in working for any of the

2    defendants in those cases.  The sheer number of applications Plaintiff alleges strongly suggests

3    that he had no such interest.

4         In a previous class action lawsuit brought by Plaintiff's counsel under EPOA, the

5    defendant, Qdoba Restaurant Corporation, agreed to pay as much as $3.8 million for a settlement,

6    including a *$20,000* service award for the named plaintiff.  Dkt. 2, Ex. 4, at 4.  If Plaintiff's 34

7    cases reach similar outcomes, Plaintiff will have pocketed over half a million dollars just by

8    applying for jobs that he does not even claim to want.  *See, e.g.*, *Milito v. Brook, Inc., et al.*, No.

9    24-2-20266-8 SEA, Dkt. 16 (King Co. Mar. 26, 2025) (preliminarily approving settlement

10   including payment of $1,000,000, including $20,000 for class representative John Milito); *Milito*

11   *v. CloudMoyo, Inc., et al.*, No. 24-2-20269-2 SEA, Dkt. 15 (King Co. Mar. 21, 2025)

12   (preliminarily approving settlement including payment of up to $1,258,000, including $20,000

13   for class representative John Milito); *Milito v. Yoh Services LLC, et al.*, No. 24-2-20276-5 SEA,

14   Dkt. 22 (King Co. Apr. 16, 2025) (preliminarily approving settlement including payment of up

15   to $1,616,000, including $20,000 for class representative John Milito).

16        **D.    The *Branson* Litigation Is Instructive**

17        On March 26, 2024, Lisa Branson filed a putative class action complaint against

18   Washington Fine Wine & Spirits, LLC ("Washington Fine Wine") that was nearly identical to

19   the Complaint filed here.  *Branson v. Washington Fine Wine & Spirits, LLC*, No. 2:24-cv-00589,

20   Dkt. 1-2 (W.D. Wash.).  Ms. Branson claimed that "[f]ederal jurisdiction is inappropriate" under

21   the Class Action Fairness Act ("CAFA").  *Id.* ¶ 8.  Nonetheless, Washington Fine Wine filed a

22   notice of removal in this Court, alleging diversity jurisdiction between Ms. Branson and itself

23   under 28 U.S.C. § 1332(a).  Washington Fine Wine argued that the minimum damages required

24   was met, in part, by Ms. Branson's counsel's likely attorneys' fees.  *Branson*, Dkt. 1, at 2–5.  Ms.

**DEFENDANTS' OPPOSITION**
**TO PLAINTIFF'S MOTION TO REMAND**
**CASE NUMBER 2:25-CV-01042**
- 6 -
**CORR CRONIN LLP**
1015 SECOND AVENUE, 10TH FLOOR
SEATTLE, WA 98104-1001
TEL: (206) 625-8600

Branson moved to remand, arguing that "[a]nticipated attorneys' fees do not result in an amount in controversy that is more than $75,000 because the Court only considers a plaintiff's pro rata share," and that prosecuting the action would likely be resolved with "limited attorney time." *Branson*, Dkt. 18, at 4–6.  Washington Fine Wine responded that attorneys' fees, even for Ms. Branson's individual claim, would likely be substantial.  *Branson*, Dkt. 19, at 12–17.

Judge Chun denied the motion to remand "for the reasons argued by Defendant Washington Fine Wine & Spirits, LLC."  *Branson*, Dkt. 25.

Washington Fine Wine's defense centered on whether a plaintiff who was not a bona fide, good faith applicant nevertheless qualifies as a "job applicant" as that phrase is understood in the context of EPOA.  The Court *sua sponte* ordered the litigants to brief whether it should certify the question to the Washington Supreme Court.  *Branson*, Dkt. 41. The parties filed simultaneous briefs, supporting certification but disagreeing over the wording of the certified question. *Branson*, Dkt. Nos. 42, 43. The Court certified the question to the Washington Supreme Court and stayed the action pending the Supreme Court's decision.  *Branson v. Washington Fine Wines & Spirits, LLC*, 2024 WL 4510680, at *1–2 (W.D. Wash. Aug. 20, 2024) (Chun, J.).  The Washington Supreme Court unanimously accepted the question, 557 P.3d 253, 254 (Wash. 2024), and held oral argument on February 13, 2025.  The case remains *sub judice*.

### E.    King County Superior Court Stayed This Action, and Defendants Removed

Given the Washington Supreme Court's impending resolution of this certified question, dozens of EPOA cases in federal and state trial courts have been stayed.  In many, if not most, of those cases, plaintiffs represented by Plaintiff's counsel, including Plaintiff himself, have *agreed* to such stays.  *See, e.g.*, *Milito v. Snowflake Inc.*, No. 2:25-cv-00453, Dkt. 18 (W.D. Wash. Apr. 30, 2025) (granting joint stipulation to continue all deadlines); *Nyannor v. Aramark Svcs.*, No. 2:24-cv-01543, Dkt. 13 (W.D. Wash. Nov. 20, 2024) (granting stipulated motion to stay);

DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND
CASE NUMBER 2:25-CV-01042
- 7 -
CORR CRONIN LLP
1015 SECOND AVENUE, 10TH FLOOR
SEATTLE, WA 98104-1001
TEL: (206) 625-8600

*Hubbard v. Accel Schools LLC*, No. 2:24-cv-01127, Dkts. 28–29 (W.D. Wash. Nov. 25, 2024) (staying case upon joint statement agreeing that *Branson* "will likely provide case law interpreting the statute at issue in this case, and that this decision may be helpful to this court and/or the trier of fact in making relevant determinations in th[e] case").

On May 14, 2025, Plaintiff and Defendants filed a joint stipulation "request[ing] a stay pending the Washington Supreme Court's consideration of the certified question" in *Branson*. Dkt. 1-3, Ex. 1. Since Defendants' motion to dismiss would invariably make, among others, the same arguments that the Supreme Court was currently considering in *Branson*, the parties "further agree[d] that Defendants' deadline to answer or otherwise respond to the Complaint and deadline(s) to respond to pending discovery shall be extended to sixty (60) days after the Washington Supreme Court issues its decision in *Branson*." *Id.* On May 16, the Superior Court entered the stipulated order and stayed the case.

During the parties' stay stipulation negotiations, Plaintiff never sought and Defendants never provided any assurance that Defendants would not remove the case. Defendants removed to federal court on June 2, 2025—the first non-weekend day after 30 days had elapsed from service of the Complaint. *See* Dkt. 1. Defendants understood the state court stay remained in effect after removal, including because the U.S. Supreme Court has held that a federal court takes a removed case just as it gets it. On June 4, Defendants asked Plaintiff's counsel to stipulate that the stay pending *Branson* remained in effect—to avoid any doubt that Defendants' response to the Complaint might be due 7 days after removal. Plaintiff's counsel refused, instead announcing their intent to move to remand. Dkt. 16, Ex. 2. Defendants then asked for a short extension to respond to the Complaint, as a matter of professional courtesy, which Plaintiffs refused. *Id.*

DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND
CASE NUMBER 2:25-CV-01042

- 8 -

CORR CRONIN LLP
1015 SECOND AVENUE, 10TH FLOOR
SEATTLE, WA 98104-1001
TEL: (206) 625-8600

Despite Defendants' attempts to reaffirm the parties' prior stipulation to a stay, Plaintiff moved to remand on June 6. Dkt. 10 ("Mot."). Plaintiff argues that "Defendants cannot establish . . . that Mr. Milito suffered an injury-in-fact" that is appropriately "concrete," as Article III requires. *Id.* at 5. Plaintiff also argued, contra his previous stipulation to a stay, that "[a] stay is inappropriate." *Id.* at 10.

## III.    ARGUMENT

The Court need not even consider Plaintiff's motion to remand at this time, as it should confirm that the state court's stay order remains in place or otherwise issue its own stay order pending *Branson* as several other judges in this District have done in EPOA cases. *See* Dkt. 15 at 2–3. But if the Court is inclined to assess the merits of the motion to remand, it should deny the motion, as Plaintiff's motion is belied by his own pleading and evidence showing that the requisites for diversity jurisdiction have been met.

### A.    The Court Should Confirm the Superior Court's Stay Order or, in the Alternative, Enter Its Own Stay Order

As a threshold matter, the Court has ample basis to confirm that the Superior Court's stay order remains in place. "Whenever any action is removed from a State court to a district court of the United States, . . . [a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. Thus, "[a]fter removal, the federal court 'takes the case up where the State court left it off.'" *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 436 (1974).

Plaintiff protests that Defendants "violat[ed]" the Superior Court's stay order, but conspicuously absent from his motion to remand is any authority that supports this argument. Quite to the contrary, district courts across the country have recognized that removals do not

DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND
CASE NUMBER 2:25-CV-01042

- 9 -

CORR CRONIN LLP
1015 SECOND AVENUE, 10TH FLOOR
SEATTLE, WA 98104-1001
TEL: (206) 625-8600

violate state court stay orders, and that those orders remain in effect after removal.  *See, e.g.*, *Doe v. Stephen*, 2020 WL 12309715, at *3 (S.D. Iowa June 23, 2020) ("The stay issued by the Iowa district court has the same force and effect on removal of this action as it had in that court."); *Gordon v. Entergy New Orleans, Inc.*, 2008 WL 417755, at *7 (E.D. La. Feb. 13, 2008) ("the stay" issued by "the Louisiana state courts where this matter first originated" "remains in effect as it did when this case was first removed to this Court").  This Court should do the same here.

Regardless of whether the existing stay remains in place, this Court has wide discretion to issue its own stay—especially where, as here, a central legal issue in the litigation will be addressed by the Washington Supreme Court any day now.  A "trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Centeno v. Inslee*, 310 F.R.D. 483, 490–91 (W.D. Wash. 2015) (quoting *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

Indeed, many courts have issued stays in EPOA cases pending *Branson*,[2] and, as noted, when this case was pending in Washington Superior Court, Plaintiff agreed to a stay pending *Branson*.  As Judge Jones observed "[a]fter review of the EPOA caselaw," "it would be most efficient to resolve the issue of standing after the Washington Supreme Court answers a pending

---

[2] *See, e.g.*, *Wallace v. Marten Transport*, No. 2:24-cv-00872, Dkt. 39 (W.D. Wash. Apr. 16, 2025); *Floyd v. Photon InfoTech Inc.*, 2024 WL 5075017 (W.D. Wash. Dec. 10, 2024); *Hill v. Les Schwab Tire Centers of Washington LLC*, 2024 WL 4765145 (W.D. Wash. Oct. 30, 2024).

**DEFENDANTS' OPPOSITION**
**TO PLAINTIFF'S MOTION TO REMAND**
**CASE NUMBER 2:25-CV-01042**

\- 10 -

**CORR CRONIN LLP**
1015 SECOND AVENUE, 10TH FLOOR
SEATTLE, WA 98104-1001
TEL: (206) 625-8600

certified question." *Wallace v. Marten Transport*, No. 2:24-cv-00872, Dkt. 39, at 4–5 (W.D. Wash. Apr. 16, 2025).

Plaintiff argues that "[a] stay is inappropriate" and that "[s]ubject matter jurisdiction is a threshold issue which the Court must ordinarily resolve before assessing the merits of an action." Mot. at 10. However, Plaintiff does not and cannot deny that a temporary stay is a "threshold, *nonmerits* issue" that can precede a determination of jurisdiction. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31, 433 (2007) (emphasis added). *See, e.g.*, *Weaver v. Pfizer, Inc.*, 2014 WL 2002212, at *2, 4 (E.D. Cal. May 15, 2014) (noting that "[a]s a stay is not a decision on the merits, there is no bar to considering the question before considering the jurisdictional questions presented by the motion to remand," and proceeding to stay the case and deny the pending motion to remand as moot); *Sobera v. DePuy Orthopaedics, Inc.*, 2014 WL 1653077, at *1 (N.D. Cal. Apr. 24, 2014) (staying the action "including [the court's] consideration of Plaintiffs' motion to remand").

While Plaintiff points to other cases in which judges in this District "denied motions to stay," Mot. at 10, he fails to mention the two cases in which courts issued stays after he moved to remand. *See Milito v. Firebolt Analytics, Inc.*, No. 2:24-cv-1667, Dkt. 12 (W.D. Wash. Nov. 18, 2024); *Milito v. Wizards of the Coast LLC*, No. 2:24-cv-1111, Dkt. 19 (W.D. Wash. Nov. 18, 2024). Judge Jones likewise stayed the litigation in *Wallace v. Marten Transport*, stating that the plaintiff's motion to remand could be "renew[ed] . . . pending the decision in *Branson*." No. 2:24-cv-00872, Dkt. 39 at 7 (W.D. Wash. Apr. 16, 2025). And this Court issued a similar stay in response to a stipulation filed by the parties in *Nyannor*. No. 2:24-cv-1543, Dkt. 13.

In arguing that the Court should remand, Plaintiff relies heavily on Judge Rothstein's opinion in *Atkinson v. Aaron's LLC*, 733 F. Supp. 3d 1056 (W.D. Wash. 2024), *see* Mot. at 5.

DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND
CASE NUMBER 2:25-CV-01042

- 11 -

CORR CRONIN LLP
1015 SECOND AVENUE, 10TH FLOOR
SEATTLE, WA 98104-1001
TEL: (206) 625-8600

But *Atkinson* was decided *before* the Washington Supreme Court accepted the certified question in *Branson*—and Judge Rothstein thus did not have occasion to consider whether a stay was appropriate in that context. Since the Washington Supreme Court accepted the certified question, Judge Rothstein herself has stayed cases where motions to remand were pending at least twice—including in a case brought by Plaintiff. *See, e.g.*, *Kent v. Tech Mahindra (Americas) Inc.*, No. 2:24-cv-01168, Dkt. 26 (W.D. Wash. Nov. 18, 2024) (Rothstein, J.) ("The definition of 'job applicant' in the EPOA will provide clarity to the meaning and intent of the statute, which informs this Court's interpretation of the procedural violation and who is harmed thereby for purposes of analyzing Article III standing."); *Milito v. Wizards of the Cost LLC*, No. 2:24-cv-01111, Dkt. 19 (W.D. Wash. Nov. 18, 2024) (Rothstein, J.) ("For the same reasons as this Court cited in cases with virtually identical complaints, this case shall be stayed pending the Washington Supreme Court's opinion on the certified question in *Branson*.").

Defendants respectfully request that this Court do the same here.

### B. The Court Should Reject Plaintiff's Claim that He Has Not Pled an Injury

Grasping at straws to evade federal jurisdiction, Plaintiff now claims that he has failed to plead any injury and that the *lack* of any such injury means that the case should be remanded. But to accept this argument, this Court needs to ignore Plaintiff's own pleading.

Plaintiff pled in no uncertain terms that he "has experienced economic and non-economic harm as a direct result of Defendants' discriminatory hiring practices." Compl. ¶ 36. Having pled as much, Plaintiff cannot now run from his own allegations. *See* Fed. R. Civ. P. 11(b)(3) ("By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that . . . the factual contentions have evidentiary support."); Wash. Super. Ct. Civ. R. 11(a) ("The signature of . . . an attorney constitutes a certificate by the . . . attorney that . . . to the best of the . . . attorney's knowledge, information, and belief . . . it is well grounded in fact.").

DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND
CASE NUMBER 2:25-CV-01042
- 12 -
**CORR CRONIN LLP**
1015 SECOND AVENUE, 10TH FLOOR
SEATTLE, WA 98104-1001
TEL: (206) 625-8600

Indeed, the Complaint contains a veritable laundry list of additional supposed harms that Plaintiff alleges to have suffered, including:

- "Plaintiff remains unable to evaluate the pay for the position and compare that pay to other available positions in the marketplace, which negatively impacts Plaintiff's current and lifetime wages." Compl. ¶ 33.

- "Plaintiff's ability to negotiate pay remains adversely affected." *Id.* ¶ 34.

- "Plaintiff lost valuable time applying for a position for which the wage scale or salary range being offered was not disclosed." *Id.* ¶ 35.

- "Plaintiff and the Class are victims of Defendants' discriminatory hiring practices." *Id.* ¶ 37.

- "[T]he class has experienced harm identical to that experienced by Plaintiff." *Id.* ¶ 39.

Courts regularly recognize these types of injury allegations as Article III injuries. *See, e.g.*, *TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021) ("If a defendant has caused . . . monetary injury to the plaintiff, the plaintiff has suffered a concrete injury in fact under Article III."); *Airline Serv. Providers Ass'n v. Los Angeles World Airports*, 873 F.3d 1074, 1078 (9th Cir. 2017) ("time spent . . . is itself a concrete injury"); *Sisley v. Sprint Commc'ns Co., L.P.*, 284 F. App'x 463, 466 (9th Cir. 2008) ("lost time . . . spent dealing with wrongful conduct can constitute a cognizable injury in fact").

Most glaringly, in *Magadia v. Wal-Mart Associates, Inc.*, the Ninth Circuit held that an employer's failure to "accurately furnish certain itemized information on its employees' wage statements" is cognizable in federal court because it "protects employees' concrete interest in receiving accurate information about their wages in their pay statements," which would enable them to determine if they had been underpaid. 999 F.3d 668, 678–80 (9th Cir. 2021). Though

DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND
CASE NUMBER 2:25-CV-01042

- 13 -

**CORR CRONIN LLP**
1015 SECOND AVENUE, 10TH FLOOR
SEATTLE, WA 98104-1001
TEL: (206) 625-8600

Plaintiffs cite *Aaron's*, Mot. at 5, which held *Magadia* inapposite in that case where the plaintiff did not allege "that the [salary] information had some relevance to [plaintiff]," 733 F. Supp. 3d at 1070, here Plaintiff alleges that he has experienced "negatively impact[ed] . . . current and lifetime wages," Compl. ¶ 33. The plaintiff in *Aaron's* did not allege such harm. *See generally* Complaint, *Atkinson v. Aaron's, LLC*, No. 2:23-cv-01742, Dkt. 1-1 (W.D. Wash. Nov. 13, 2023). Lost salary is a quintessential injury in fact. *See Raines v. Byrd*, 521 U.S. 811, 827 (1997) (plaintiff alleging "lost salary" has "traditional Article III standing"); *Elliot v. Spherion Pac. Work, LLC*, 572 F. Supp. 2d 1169, 1181 (C.D. Cal. 2008) ("the possibility of lost wages" is an "injury"), *aff'd*, 368 F. App'x 761 (9th Cir. 2010). Plaintiff has therefore alleged the type of specific, concrete injury alleged in *Magadia* (but not in *Aaron's*).[3]

Unsurprisingly in light of this precedent, Plaintiff's counsel *themselves* previously argued that even the less concrete allegations in *Aaron's* sufficed to establish Article III injury. *See* Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, *Atkinson v. Aaron's, LLC*, No. 2:23-cv-01742, Dkt. 29 at 12 (W.D. Wash. Feb. 12, 2024) ("Standing is an exceptionally low threshold that is met so long as [the plaintiff] did not have access to the wage scale or salary range of the position at the time of his application. Defendant's failure to publish this information, as required by the statute, satisfies the second prong of the Ninth Circuit's test for Article III standing."); Plaintiff's Response in Opposition to Defendant's Motion to Dismiss or,

---

[3] Plaintiff also claims that he lacks standing because he did not allege that he actually "engaged in pay negotiations" or was "offered an interview." Mot. at 6 (quoting *Spencer v. Vera Whole Health, Inc.*, 2024 WL 3276578, at *3 (W.D. Wash. July 2, 2024)). But *Vera Whole Health* did not require such allegations; instead the court held that the plaintiff in that case "fail[ed] to show any actual harm" because "the time . . . 'lost' in submitting the application" was "the only injury" that Plaintiff "identifie[d]." 2024 WL 3276578, at *3. Here, Plaintiff claims to have suffered "economic and non-economic harm as a direct result of Defendant's discriminatory hiring practices," including "negative[] impact[s]" on his "current and lifetime wages." Compl. ¶ 33. This more than distinguishes *Vera Whole Health*.

DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND
CASE NUMBER 2:25-CV-01042

- 14 -

CORR CRONIN LLP
1015 SECOND AVENUE, 10TH FLOOR
SEATTLE, WA 98104-1001
TEL: (206) 625-8600

in the Alternative, to Strike Class Claims, *Spencer v. Vera Whole Health, Inc.*, No. 2:24-cv-00337, Dkt. 11 at 18 (W.D. Wash. Apr. 15, 2024) (same).

Plaintiff's arguments to the contrary fail here. Having alleged that he "has experienced economic . . . harm" (*id.* ¶ 36), Plaintiff is estopped from now arguing that he has failed to plead injury. The Ninth Circuit has made clear that courts should look to "the initial complaint" to "determine whether [plaintiff] had standing, accepting as true all of the complaint's material allegations." *Skaff v. Meridien North America Beverly Hills, LLC*, 506 F.3d 832, 838–39 (9th Cir. 2007); *see also, e.g.*, *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) ("A litigant's standing is normally evaluated on the pleadings."). The law is thus clear that a plaintiff seeking to remand "cannot simply disavow" allegations "included in [his] state court complaint" to avoid federal jurisdiction. *Wilder v. Bank of Am., N.A.*, 2014 WL 6896116, at *4 (C.D. Cal. Dec. 5, 2014); *Giannini v. Nw. Mut. Life Ins. Co.*, 2012 WL 1535196, at *2 (N.D. Cal. Apr. 30, 2012) ("Plaintiff may not defeat this Court's jurisdiction by disregarding the allegations in his complaint.").

## C.    The Amount in Controversy Exceeds $75,000

Defendants' notice of removal was predicated on federal diversity jurisdiction. Plaintiff and Defendants are fully diverse, and the amount in controversy exceeds $75,000. Dkt 1. Plaintiff does not deny the former and makes an ill-fated attempt to contest the latter.

In his Complaint, Plaintiff expressly seeks $5,000 in statutory damages. Compl. ¶ 57. Plaintiff also seeks attorneys' fees pursuant to RCW 49.58.070 and RCW 49.58.110. *Id.* ¶ 58. Plaintiff does not dispute that attorney's fees should be factored into the calculation when assessing the amount of controversy, and he also does not dispute that the Court can consider Defendants' estimation of the fees at issue. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018) (removing party may provide an estimate of future fees, and the

1    court may also rely on its "own knowledge of customary rates and [its] experience concerning

2    reasonable and proper fees").

3         And while Plaintiff does quibble with some of Defendants' assumptions, none of those

4    quibbles changes the near certainty that Plaintiff's counsel's fees alone will exceed (and likely

5    far exceed) $70,000.01 and push the amount-in-controversy past the threshold for federal

6    diversity jurisdiction.

7         Plaintiff does not dispute that his lead lawyer charges $725 an hour or that at that rate, his

8    lawyer need only perform approximately 96.5 hours of work to exceed the jurisdictional

9    minimum when coupled with the $5,000 in damages sought by Plaintiff. Dkt. 2, Ex. 1, at 7. And

10   this does not even consider the $20,000 service award Mr. Milito will likely pursue, as at least

11   three other courts have preliminary approved on his behalf. *See supra*, p. 6.

12        Mr. Milito suggests that perhaps less expensive lawyers can do some of the work, but he

13   fails to identify any such lawyer *or* his or her rate. It bears noting that in at least one other case,

14   when Mr. Emery sought approval for his firm's fees, he based his application *solely* on his own

15   "customary hourly rate" and did not identify any other lawyers or rates. Dkt. 2, Ex. 1, at 7. And

16   in a fee application submitted in *Garcia v. Washington State Department of Licensing*, Mr. Emery

17   claimed to have done 86% of his firm's attorney work *himself*—with the sole other Emery

18   attorney *also billing at $725 per hour*. Harris Decl. Ex. 1, at 5.

19        The *Garcia* fee application is instructive because Mr. Emery alone billed 113.4 hours in

20   a putative class action *before* summary judgment and *before* class certification—in a case where

21   he was joined by *several other firms*. And his firm alone (including another attorney, a paralegal,

22   and a legal assistant) claimed more than $125,000 in fees. And in another EPOA case brought

23   by Mr. Milito, the Emery firm sought fees exceeding *$300,000* in a case resolved *before any*

24

CORR CRONIN LLP
1015 SECOND AVENUE, 10TH FLOOR
SEATTLE, WA 98104-1001
TEL: (206) 625-8600

1   *motion to dismiss* and not litigated nearly as vigorously as this one will be.  Harris Decl. Ex. 2

2   (Brook Settlement Agreement).

3          If Mr. Emery's firm has not yet spent $70,000 on *this* case, it will soon pass that threshold.

4   On Plaintiff's view, however, because Plaintiff's counsel represents serial plaintiffs on "several

5   similar cases," counsel may "reproduce[]" work product "at minimal cost."  Mot. at 13.  But

6   counsel has an obligation in *this* case to ensure that every filing is accurate and up to date on the

7   law, to review and respond to *these* Defendants' arguments, and an obligation to read, digest, and

8   attempt to distinguish any new cases cited by Defendants.  And if Mr. Emery's prior fee

9   applications are predictive, any savings from their bulk litigation model are insufficient to avoid

10  the federal jurisdictional minimum.

11         Plaintiff similarly speculates that attorney's fees may not exceed $70,000 in this case

12  because "[t]here is no need for extensive discovery, motions practice, or a trial in this matter,"

13  Mot. at 12, but this is wishful thinking.  For example, above and beyond the pending motions

14  practice, Defendants intend to move to bifurcate Plaintiff's individual claims from any class-

15  based claims, and then, for instance, seek discovery and move for summary judgment on the

16  threshold question whether Plaintiff is a bona fide applicant under the EPOA.  Harris Decl. ¶ 6.

17  *See, e.g.*, *Dennis v. Amerigroup Wash., Inc.*, 2019 WL 7756256, at *1 (W.D. Wash. Sept. 19,

18  2019) (bifurcation order explaining that the parties "shall limit initial discovery in this matter to

19  those issues relating to Plaintiff's individual claims" and that "[c]lass discovery may proceed

20  after the Court's ruling on any dispositive motion [defendant] files related to Plaintiff's individual

21  claims").  Plaintiff's counsel will surely spend at least 96.5 hours, and likely far more, on the

22  following:

23

24

**DEFENDANTS' OPPOSITION**
**TO PLAINTIFF'S MOTION TO REMAND**                     - 17 -
**CASE NUMBER 2:25-CV-01042**

**CORR CRONIN LLP**
1015 SECOND AVENUE, 10TH FLOOR
SEATTLE, WA 98104-1001
TEL: (206) 625-8600

- Plaintiff has already moved to remand, Dkt. 10, and will surely file a reply brief once Defendants oppose.

- Defendants have already moved to stay or dismiss, Dkt. 15, which Plaintiff will oppose.

- If the case is not dismissed preliminarily, Defendants will pursue substantial written discovery regarding Plaintiff, including through interrogatories and document requests.

- Defendants will seek Plaintiff's deposition, and Plaintiff's counsel will have to prepare Plaintiff and defend the deposition, as well as the depositions of any third parties that Plaintiff intends to subpoena.

- Defendants will move to bifurcate Plaintiff's individual claims from any class-based claims, which Plaintiff will presumably oppose.

- Defendants will move for summary judgment on the threshold question whether Plaintiff is a bona fide applicant under EPOA, which Plaintiff will oppose.

- As Defendants have shown, the public posting for the job Mr. Milito "applied to" *did* disclose the expected compensation range, and if the Court declines to dismiss the case on the pleadings, Defendants will raise that issue, among others, via dispositive motion at the appropriate time.

Lawyers in this District regularly spend at least this long (and in most instances, many hours more) on such complicated motion practice and discovery. *See* Harris Decl. ¶¶ 8–13. Surely Plaintiff's counsel will spend 96.5 hours, if not more, if they wish to ultimately secure a large judgment and hundreds of thousands of dollars in fees.

DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND
CASE NUMBER 2:25-CV-01042

- 18 -

**CORR CRONIN LLP**
1015 SECOND AVENUE, 10TH FLOOR
SEATTLE, WA 98104-1001
TEL: (206) 625-8600

1    *Branson* is on point.  There, the defendant opposed remand, arguing that the amount in

2    controversy requirement was met primarily based on including attorneys' fees that would be

3    incurred on plaintiff-specific discovery.  Judge Chun denied the motion to remand, adopting

4    defendant's arguments.  *Branson v. Washington Fine Wine & Spirits*, No. 2:24-cv-00589, Dkt.

5    25 (June 12, 2024) ("[F]or the reasons argued by Defendant Washington Fine Wine & Spirits,

6    LLC, Dkt. # 19, the Court DENIES the motion.").

7    Finally, although Plaintiff argues that only Milito's "pro rata" share of the attorney's fees

8    should be considered (Mot. at 12), the issues listed above relate to Mr. Milito himself—whether

9    *he* was a "bona fide" job applicant, whether Tencent's webpage disclosed wage information when

10   *he* "applied" for a job, and whether *he* can adequately represent a class.  Plaintiff does not and

11   cannot deny that fees attributable to his individual claim count toward the amount in controversy.

12   Moreover, the plaintiff in *Branson* made this exact same argument, and the court

13   nonetheless declined to remand.  Under the plaint text of the Washington statute, the "employee"

14   bringing suit may be entitled to "reasonable attorney's fees."  RCW 49.58.070.  Plaintiff's

15   reliance on *Gibson v. Chrysler* is thus unavailing because the *Gibson* court based its pro rata

16   allocation on the fact that under a specific "California law at least, attorneys' fees are not awarded

17   solely to the named plaintiff in a class action."  261 F.3d 927, 942 (9th Cir. 2001) (cited in Mot.

18   at 12).[4]

19   At this stage, any right to attorney's fees belongs to Plaintiff alone, as the United States

20   Supreme Court has held that a purported class is a legal nullity until it has been certified.  *Sosna*

21

22   _____

23   [4] *Canela v. Costco Wholesale Corporation* likewise involved a suit brought pursuant to
     California's Private Attorneys General Act.  971 F.3d 845, 848 (9th Cir. 2020) (cited in Mot. at
     12).

24

1    *v. Iowa*, 419 U.S. 393 (1975).  Thus, for now, any fees incurred by Plaintiff's counsel should be

2    attributed to Plaintiff alone and should count in full toward the amount in controversy.[5]

3                                    *        *        *

4         In *Branson*, Judge Chun accepted the defendant's argument that the amount-in-

5    controversy requirement was met based on the expected attorney's fees sought, and this Court

6    should do the same.

7    **D.      Remand Would Be Futile**

8         For the foregoing reasons, the Court should decline to remand this case to the Superior

9    Court.  But even if this Court believes that it lacks subject matter jurisdiction (or has any doubt),

10   the Court should apply the so-called "futility exception," whereby dismissal—and not remand—

11   is the appropriate course.

12        Plaintiff himself recognizes the existence of the "futility exception" (Mot. at 7) but argues

13   based on a 2016 case that this exception "may no longer be good law."  *Id.* (citing *Polo v.*

14   *Innoventions Int'l*, 833 F.3d 1193 (9th Cir. 2016)).  However, as Plaintiff neglects to point out,

15   the Ninth Circuit has applied the futility exception at least *twice* since *Polo* and has made clear

16   that courts are "compelled to apply the futility exception" until it has been overruled.  *Sauk-*

17   *Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1190 (9th Cir. 2022).  *See also Glob.*

18   *Rescue Jets, LLC v. Kaiser Found. Health Plan, Inc.*, 30 F.4th 905, 920 n.6 (9th Cir. 2022) ("A

19

20   ───────────────

21   [5] Plaintiff also cites *Goldberg v. CPC International*, which involved another California statute.
     678 F.2d 1365 (9th Cir. 1982) (cited in Mot. at 12).  But *Goldberg* relied on the Supreme

22   Court's decision in *Zahn v. International Paper*, which pre-dated *Sosna* and which merely held
     that a *Plaintiff* cannot sue in federal court and meet the jurisdictional minimum based on

23   expected fees to be awarded to absent class members.  414 U.S. 291 (1973).  *Zahn* thus does
     not control whether a *defendant* can *remove* to federal court where pre-certification fees from

24   the plaintiff's counsel meet the jurisdictional minimum.

narrow 'futility' exception . . . permits the district court to dismiss an action rather than remand it if there is 'absolute certainty' that the state court would dismiss the action following remand.").

Here, it is clear that remand would be futile, as the Superior Court will certainly dismiss this action if it is remanded. Indeed, if Plaintiff is now correct that he has not pled an injury in fact, the Superior Court will dismiss for that reason alone. Mirroring the standing requirement in federal courts, Washington state courts require plaintiffs to establish a "sufficiently 'real' interest" to confer standing. *See, e.g., Dean v. Lehman*, 143 Wn. 2d 12, 19, 18 P.3d 523, 528 (2001). In assessing standing, Washington courts apply a "two-part test," looking first to "whether the interest asserted is within the zone of interests the statute in question protects" and then to "*whether the party seeking standing has suffered an injury in fact*." *Tacoma Auto Mall, Inc. v. Nissan N. Am.*, 169 Wn. App. 111, 118–19, 279 P.3d 487, 491 (2012) (emphasis added). Crucially, "*[b]oth tests must be met* by the party seeking standing." *Id.* at 119, 279 P.3d at 491 (emphasis added) (quotation marks omitted).

In case there is any ambiguity as to the meaning of "injury in fact" under Washington law, state courts are crystal clear that "*Washington courts interpret the injury-in-fact test consistently with federal case law*." *Snohomish Cnty. Pub. Transp. Ben. Area v. State Pub. Emp. Rels. Comm'n*, 173 Wn. App. 504, 513, 294 P.3d 803, 808 (2013) (emphasis added); *accord Freedom Found. v. Washington State Pub. Disclosure Comm'n*, 26 Wn. App. 2d 1009, 2023 WL 2756240, at *3, *review denied*, 1 Wn. 3d 1036, 536 P.3d 188 (2023). They even rely on federal cases interpreting Article III to define the contours of an "injury in fact" in Washington courts. *See, e.g.*, *Snohomish Cnty.*, 173 Wn. App. at 513, 294 P.3d at 808 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Plaintiff does not acknowledge, let alone reckon with, these cases.

DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND
CASE NUMBER 2:25-CV-01042

- 21 -

CORR CRONIN LLP
1015 SECOND AVENUE, 10TH FLOOR
SEATTLE, WA 98104-1001
TEL: (206) 625-8600

1    Although Plaintiff argues that "Washington adopts a broad view of standing generally,"

2    Mot. at 9, he does not argue—nor could he—that any Washington court has read the injury-in-

3    fact requirement out of existence.  Contrary to Plaintiff's suggestion, Washington courts have

4    repeatedly held that "there can be no standing" if a plaintiff pleads a "merely conjectural or

5    hypothetical" injury.  *Trepanier v. City of Everett*, 64 Wn. App. 380, 383, 824 P.2d 524, 526

6    (1992) (citing *United States v. Students Challenging Regul. Agency Procs.*, 412 U.S. 669, 688–

7    89 (1973)).

8    Plaintiff's argument as to the supposed breadth of standing in Washington is misplaced.

9    Plaintiff cites *Washington Federation of State Employees v. Joint Ctr. for Higher Education* for

10   the proposition that the Washington Supreme Court has "criticized 'unrealistically strict'

11   considerations of standing," but nothing in *Federation* even begins to suggest that Washington

12   courts should ignore the injury-in-fact requirement.  Mot. at 9 (citing 86 Wn. App. 1, 933 P.2d

13   1080 (1997)).  Instead, *Washington Federation* simply addressed whether a labor organization

14   had "representational standing" to pursue injunctive relief on behalf of its members who were

15   state civil service employees.  86 Wn. App. at 4, 933 P.2d at 1081.  Similarly, *City of Snoqualmie

16   v. Constantine* addressed whether a Washington city had standing to challenge the

17   constitutionality of a statutory provision requiring certain Indian tribes to make payments to the

18   government.  187 Wn. 2d 289, 297–98, 386 P.3d 279, 283–84 (2016).

19   Plaintiff's invocation of *Washington Natural Gas Company v. Public Utility District* is

20   equally unavailing, as that case did not even *address* the injury-in-fact requirement—let alone

21   excuse a plaintiff from satisfying it.  77 Wn. 2d 94, 459 P.2d 633 (1969) (cited in Mot. at 9).

22   Instead, the case merely held that a gas company—as a "substantial customer of" a public utility

23

24

CORR CRONIN LLP
1015 SECOND AVENUE, 10TH FLOOR
SEATTLE, WA 98104-1001
TEL: (206) 625-8600

district—had standing to sue that district for injunctive relief to preclude it from offering inducements to persuade householders to buy electrical energy. *Id.* at 96, 459 P.2d at 635.

If anything, *Washington State Housing Finance Commission v. National Homebuyers Fund* proves the point. 193 Wn. 2d 704, 445 P.3d 533 (2019) (cited in Mot. at 9). There, the Washington Supreme Court reaffirmed the "second part of the standing test," which "asks whether the challenged action has caused *injury in fact*, economic or otherwise, *to the party seeking standing*." *Id.* at 716, 445 P.3d at 539–40 (emphasis added). And the Court held that the plaintiff, a commission authorized by statute to exercise governmental authority, had standing to sue to protect against *its own injury*—namely, "interference from unauthorized actors that purport to exercise similar governmental authority." *Id.* at 712, 445 P.3d at 538.

Although Plaintiff blithely argues that "Washington state courts are likely to relax any standing requirements" because this case "concerns Washington workers' right to pay transparency, pay equity, and fair wages" (Mot. at 9), he has not cited a *single* case "relaxing" the standing requirement so much that a plaintiff *conceding* lack of personal injury and not even purporting to have standing to represent the interests of others was nonetheless permitted to pursue a claim for money damages on behalf of *himself*.[6]

Reduced to its essence, Plaintiff's argument is that Washington's Legislature enacted a statute that permits plaintiffs who actively disclaim any personal injury to pursue a claim for damages in state court (but not federal court) because the statute was meant to protect workers generally. To state the proposition is to refute it, as any Washington court will surely recognize. Given that reality, this Court should dismiss the case instead of remanding it.

---

[6] *Farris v. Munro* involved a constitutional challenge to the State Lottery Act. 99 Wn. 2d 326, 329, 662 P.2d 821, 823 (1983) (cited in Mot. at 9).

DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND
CASE NUMBER 2:25-CV-01042

- 23 -

CORR CRONIN LLP
1015 SECOND AVENUE, 10TH FLOOR
SEATTLE, WA 98104-1001
TEL: (206) 625-8600

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay this action or, in the alternative, deny the motion to remand, and dismiss this case for the reasons set forth in Defendants' Motion to Stay or Dismiss.

Dated: June 27, 2025                              Respectfully submitted,

*/s/ Emily J. Harris*
Emily J. Harris, WSBA No. 35763
CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
Tel: (206) 625-8600
Fax: (206) 625-0900
eharris@corrcronin.com

HOLWELL SHUSTER & GOLDBERG LLP
Michael S. Shuster (admitted *pro hac vice*)
Blair E. Kaminsky (admitted *pro hac vice*)
425 Lexington Avenue, 14th Floor
New York, NY 10017
Tel: (646) 837-5151
Fax: (646) 837-5150
mshuster@hsgllp.com
bkaminsky@hsgllp.com

I certify that this memorandum contains 7,681 words, in compliance with the Local Civil Rules.

DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND
CASE NUMBER 2:25-CV-01042                    - 24 -                    **CORR CRONIN LLP**
1015 SECOND AVENUE, 10TH FLOOR
SEATTLE, WA 98104-1001
TEL: (206) 625-8600

## DECLARATION OF SERVICE

I, Elizabeth Roth, hereby declare and state as follows:

I am a citizen of the United States and a resident of the State of Washington; I am over the age of eighteen years and not a party to the within action.

On the date set forth below, I caused to be served:

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

in the within matter by arranging for a copy to be delivered on the interested parties in said action, via the courts ECF system and e-mail, addressed as follows:

***Attorneys for Plaintiff*:**

**Emery | Reddy, PLLC**
Timothy W. Emery
Patrick B. Reddy
Paul Cipriani
Hannah M. Hamley
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
Email: hannah@emeryreddy.com

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on June 27, 2025 at Seattle, Washington.

 /s/ *Elizabeth Roth*____
Elizabeth Roth, Legal Secretary

DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND
CASE NUMBER 2:25-CV-01042

**CORR CRONIN LLP**
1015 SECOND AVENUE, 10TH FLOOR
SEATTLE, WA 98104-1001
TEL: (206) 625-8600