The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN MILITO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TENCENT AMERICA LLC, a foreign profit limited liability company doing business TIMI STUDIO GROUP; TENCENT CLOUD LLC, a foreign limited liability company; PROXIMA BETA U.S. LLC, a foreign limited liability company doing business as PROXIMA BETA US; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | No. 2:25-cv-01042<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND** |

## I.      INTRODUCTION

Defendants use their response to Plaintiff's motion to remand to reiterate arguments they make in their motion to dismiss. These arguments are not relevant to the dispositive question before the Court in this remand motion: whether the Court has subject matter jurisdiction over this action. It does not.

As the removing party and sole proponent of federal jurisdiction, Defendants bear the burden of establishing this Court's subject matter jurisdiction, including the core constitutional requirement of Article III standing. Consequently, Defendants must demonstrate that Plaintiff

REPLY ISO PLAINTIFF'S MOTION FOR REMAND - 1

No. 2:25-cv-01042

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

John Milito suffered an injury-in-fact that is concrete, particularized, and likely to be redressed by judicial relief. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Defendants have failed to make such a showing under the two injury-in-fact tests articulated by this Court in what is now at least *twenty* remand orders of virtually identical RCW 49.58.110 cases. Immediate remand of this state law putative class action to King County Superior Court is thus required so as not to further delay justice.

## II.     ARGUMENT

### A. Staying Plaintiff's remand motion pending *Branson* is inappropriate.

Plaintiff thoroughly addressed Defendants' arguments regarding a stay pending *Branson* in his opposition to Defendants' motion to dismiss. *See* Pl.'s Resp. in Opp'n to Defs.' Motion to Stay or Dismiss at 5-7 (June 30, 2025), ECF No. 20. To briefly summarize, the Court has repeatedly held that an allegation of bona fide is necessary to establish Article III standing in federal court. *See* Pl.'s Motion to Remand at 2-3, ECF No. 10. And Washington state courts have repeatedly acknowledged that standing in state court does not follow the more stringent Article III standing requirements. *See, e.g.*, *State v. City of Sunnyside*, 3 Wn.3d 279, 325 (2024) (González, C.J., concurring in part, dissenting in part) (stating that a federal court's determination that a plaintiff does not have Article III "standing in federal court . . . is irrelevant to whether the case may be maintained in [Washington's] general jurisdiction state courts"); *West v. Seattle Port Comm'n*, 194 Wn. App. 821, 829 (2016) (rejecting defendant's argument that plaintiff lacked statutory standing because he cannot demonstrate any injury as required by Article III and reiterating that "[s]tate courts are not bound by this requirement because they do not rely on the federal constitution for their authority"); *Trinity Universal Ins. Co. of Kan. v. Ohio Cas. Ins. Co.*, 176 Wn. App. 185, 198-99 (2013). Regardless of whether the Washington Supreme Court determines that bona fide is necessary for statutory standing, this Court has already determined that a bona fide allegation is necessary for the more stringent Article III standing in federal court. *Accord Hill v. ACV Auctions Inc.*, No. 2:25-cv-00616-MJP (W.D. Wash. June 4, 2025) ("The

REPLY ISO PLAINTIFF'S MOTION FOR REMAND - 2

No. 2:25-cv-01042

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Court does not find a stay of this matter to be appropriate. As explained above, the Court lacks subject matter jurisdiction over this matter because Hill lacks standing. The decision in *Branson* will not change that fact.").

Defendants cite to several EPOA cases where the federal court issued a stay pending *Branson*. However, absent the outlier in *Wallace v. Marten Transport*, No. 2:24-cv-00872-RAJ (W.D. Wash. Apr. 16, 2025) where the plaintiff pled bona fide applicant status, these cases are materially distinct from the instant case. Most of these cases involved complaints with allegations that the plaintiff was qualified for the position they applied to, which the Court determined may inform the standing analysis. *See Milito v. Wizards of the Coast LLC*, No. 24-cv-1111 (W.D. Wash. July 24, 2024); *Milito v. Firebolt Analytics, Inc.*, 24-cv-1667 (W.D. Wash. Oct. 11, 2024); *Nyannor v. Aramark Services*, No. 24-cv-1543 (W.D. Wash. Nov. 20, 2024); *Hubbard v. Accel Schools LLC*, No. 2:24-cv-01127 (W.D. Wash. Nov. 25, 2024); *Kent v. Tech Mahindra (Americas) Inc.*, No. 2:24-cv-01168 (W.D. Wash. Nov. 18, 2024); *Floyd v. Photon InfoTech Inc.*, 2024 WL 5075017 (W.D. Wash. Dec. 10, 2024). Mr. Milito did not make the same allegation here.

Further, the plaintiffs in *Branson* and *Les Schwab* alleged they applied in good faith and with the intent of gaining employment. *Branson v. Wash. Fine Wines & Spirits, LLC*, 2024 WL 4510680 (W.D. Wash. Aug. 20, 2024); *Hill v. Les Schwab Tire Centers of Washington LLC*, 2024 WL 4765145 (W.D. Wash. Oct. 30, 2024). It was reasonable for the Court to stay those cases pending *Branson* because the plaintiffs had Article III standing. No similar reasoning applies here that justifies staying this case in federal court pending *Branson*.

The Court should deny Defendants' stay request.

**B. The Court's Article III standing tests necessitate remand.**

Contrary to Defendants' accusation, Plaintiff is not ignoring his pleading. Rather, his arguments are consistent with over twenty remand orders, including numerous remand orders issued after the Washington Supreme Court accepted review of the certified question in *Branson*. *See Spencer v. Vera Whole Health, Inc.*, No. C24-337-MJP, 2024 U.S. Dist. LEXIS 116904 (W.D.

REPLY ISO PLAINTIFF'S MOTION FOR REMAND - 3

No. 2:25-cv-01042

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Wash. July 2, 2024); *Kent v. HCL Tech. Ltd.*, No. 2:24-cv-01332-MJP (W.D. Wash. Nov. 19, 2024); *Wright v. HP Inc.*, No. 2:24-cv-01261-MJP (W.D. Wash. Nov. 5, 2024); *Atkinson v. Aaron's LLC*, No. 2:23-cv-01742-BJR, 2024 U.S. Dist. LEXIS 85799 (W.D. Wash. May 10, 2024), *amended by* 2024 U.S. Dist. LEXIS 112833 (W.D. Wash. June 26, 2024); *Floyd v. Insight Glob. LLC*, No. 2:23-cv-01680-BJR, 2024 U.S. Dist. LEXIS 85796 (W.D. Wash. May 10, 2024), *amended by* 2024 U.S. Dist. LEXIS 112827 (W.D. Wash. June 26, 2024); *David v. Herc Rentals Inc.*, No. 2:24-cv-00175-BJR, 2024 U.S. Dist. LEXIS 85379 (W.D. Wash. May 10, 2024); *Floyd v. DoorDash, Inc.*, No. 2:23-cv-01740-BJR, 2024 U.S. Dist. LEXIS 92001 (W.D. Wash. May 22, 2024); *Spencer v. RXO, Inc.*, No. 2:23-cv-01760-BJR, 2024 U.S. Dist. LEXIS 92838 (W.D. Wash. May 23, 2024); *Atkinson v. Penney Opco LLC*, No. 23-cv-01806-BJR, 2024 U.S. Dist. LEXIS 134571 (W.D. Wash. July 30, 2024); *Watson v. Deacon Constr., LLC*, No. 24-cv-00082-BJR, 2024 U.S. Dist. LEXIS 134585 (W.D. Wash. July 30, 2024); *Partridge v. Heartland Express Inc. of Iowa*, No. 3:24-cv-05486-DGE, 2024 U.S. Dist. LEXIS 164596 (W.D. Wash. Sept. 12, 2024); *Liu v. Veeva Systems Inc.*, No. 2:23-cv-1784-BJR, 2024 U.S. Dist. LEXIS 171512 (W.D. Wash. Sept. 23, 2024); *Spencer v. Jeld-Wen, Inc.*, No. 2:23-cv-01757-BJR, 2024 U.S. Dist. LEXIS 193749 (W.D. Wash. Oct. 24, 2024); *Hill v. Spirit Halloween Superstores LLC*, No. 2:24-cv-01644-TSZ (W.D. Wash. Dec. 16, 2024); *Dudley v. Transdev North America Inc.*, No. 2:24-cv-00810-KKE (W.D. Wash. Dec. 13, 2024); *Perry v. The Boeing Co.*, No. 2:24-cv-01000-RSL (W.D. Wash. Nov. 22, 2024); *Spencer v. Total Renal Care Inc.*, No. 2:24-cv-01359-RSM (W.D. Wash. Nov. 20, 2024); *Mitchell v. LYMI, Inc.*, No. 2:25-cv-00511-TSZ (W.D. Wash. May 28, 2025); *Hill v. ACV Auctions Inc.*, No. 2:25-cv-00616-MJP (W.D. Wash. June 4, 2025); *Milito v. Snap Inc.*, No. 2:25-cv-00387-MJP (W.D. Wash. June 5, 2025) (collectively, "Remand Orders"). In all of these cases, the Court set aside allegations of harm, opining that "a violation of the statutory provision at issue here—a job posting with no compensation information included—is a technical or procedural violation that by itself does not manifest concrete injury but requires a bona fide applicant before there is a risk of harm." *Penney Opco LLC*, 2024 U.S. Dist. LEXIS 134571, at *5-6. Defendants argue that Plaintiff's complaint, unlike the complaints

REPLY ISO PLAINTIFF'S MOTION FOR REMAND - 4

No. 2:25-cv-01042

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

in these remanded cases, includes allegations of harm that satisfy Article III standing requirements. However, Plaintiff alleges the same harm as alleged in several of these other remanded cases. For instance, in *Hill v. ACV*, the plaintiff alleged he was "unable to evaluate the pay for the position and compare that pay to other available positions in the marketplace, which negatively impacts Plaintiff's current and lifetime wages." *Compare* Complaint ¶ 33, *ACV Auctions Inc.*, No. 2:25-cv-00616-MJP (W.D. Wash. Apr. 7, 2025), ECF No. 1-1, *with* Notice of Removal Ex. A ¶ 33, ECF No. 1. Defendants in *ACV* made similar arguments to those made by Defendants here. The *ACV* court rejected those arguments and remanded for lack of Article III authority. *ACV Auctions Inc.*, No. 2:25-cv-00616-MJP at 6. Defendants' arguments regarding alleged harms pled in the complaint are similarly irrelevant to the determination of an injury-in-fact without the requisite allegations for Article III standing as established in the Court's Remand Orders. Mr. Milito did not make these allegations because they are not required under the statute's plain language. *See* RCW 49.58.110. Remand for lack of an Article III injury-in-fact is therefore required subject only to a finding that remand will be futile.

### C. Remand would not be futile.

The law is clear that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction," 28 U.S.C. § 1447(c) mandates that "the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added); *Polo*, 833 F.3d at 1196 (providing that where there exist "[d]efects of subject-matter jurisdiction," "the district court generally *must* remand the case to state court, rather than dismiss it"); *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997) ("[§ 1447(c)] is *mandatory*, not discretionary." (Emphasis added.)). As the U.S. Supreme Court has recognized, "the literal words of § 1447(c)" give "no discretion to dismiss rather than remand an action." *Int'l Primate Prot. League v. Admins. of Tulane Educ. Fund*, 500 U.S. 72, 88-89 (1991), *superseded by statute on other grounds*. The Ninth Circuit's judicially created futility exception to § 1447(c), however, permits a federal court to "dismiss an action rather than remand it if there is '*absolute certainty*' that the state court would dismiss the action following remand." *Glob. Rescue Jets, LLC v. Kaiser Found. Health Plan, Inc.*, 30 F.4th 905, 920 n.6 (9th Cir. 2022)

REPLY ISO PLAINTIFF'S MOTION FOR REMAND - 5

No. 2:25-cv-01042

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

(emphasis added); *Bell v. City of Kellogg*, 922 F.2d 1418, 1424-25 (9th Cir. 1991). Because this "narrow" futility exception contradicts the removal statute's clear mandate, it "may no longer be good law." *Glob. Rescue Jets*, 30 F.4th at 920 n.6; *Polo*, 833 F.3d at 1197. Indeed, the Ninth Circuit has recognized the futility exception's doctrinal peril following *International Primate* but, without formal challenge, the Court has not yet had occasion to overrule it. *See Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1189-90 (9th Cir. 2022) (observing the futility exception's validity is in question but declining to opine on it *sua sponte*). Plaintiff challenges the exception's continued viability because it conflicts with the plain language of § 1447(c). *See Int'l Primate*, 500 U.S. at 88-89.

      Nevertheless, even if the futility exception remains good law, Defendants cannot show that remand would be futile here. The futility doctrine applies only where the district court has "absolute certainty" that a state court would "simply dismiss[] the action." *Bell*, 922 F.2d at 1425. Here, it is far from certain that a Washington court would dismiss this action upon remand.

      Defendants erroneously assert that remand would be futile because a state court will similarly dismiss this action for lack of standing because Plaintiff has not established Article III's injury-in-fact requirement. *See* Defs.' Opp'n to Pl.'s Mot. to Dismiss at 21:3-13. This argument presents a fundamental misunderstanding about Washington's statutory standing jurisprudence. *See, e.g.*, *City of Sunnyside*, 3 Wn.3d at 325.

      Contrary to Defendants' assertion, Washington has not adopted a generally applicable analog to Article III's injury-in-fact or zone of interest requirements. Rather, in Washington state courts, the statutory standing inquiry begins and ends with the statute itself and is a question of statutory interpretation only. *See In re Adoption of B.T.*, 150 Wn.2d 409, 417 (2003) ("[W]e look to the statutes to define standing. . . ."); *West*, 194 Wn. App. at 826 ("Questions of standing under Washington law begin with the statutes themselves."). And "a prior order dismissing a case for lack of standing in an [A]rticle III court and remanding to state court cannot have preclusive effect on this issue of statutory interpretation." *City of Sunnyside*, 3 Wn.3d at 305.

      A party identified in a statute as one who may bring an action thereunder has standing.

REPLY ISO PLAINTIFF'S MOTION FOR REMAND - 6

No. 2:25-cv-01042

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

*See, e.g.*, *In re Est. of Becker*, 177 Wn.2d 242, 247 (2013) (providing any person with interest in an estate or trust has standing to contest will under RCW 11.96A.030(6)); RCW 4.24.010 (identifying persons who may bring claims for injury or death to child). But where, as here, the Legislature omits specific standing requirements, courts may not impose their own. *See West v. Pierce Cnty. Council*, 197 Wn. App. 895, 897 (2017) (holding "any person" has standing to bring claim under RCW 42.30.120 and .130); *Five Corners Family Farmers v. State*, 173 Wn.2d 296, 131 (2011) ("A court must not add words where the legislature has chosen not to include them."); RCW 49.58.110 (allowing a "job applicant" or "employee" to bring an action).

If the Legislature intends to impose stricter standing requirements, such as analogs to Article III standing or injury requirements, it says so explicitly. *See, e.g.*, *Allan v. Univ. of Wash.*, 92 Wn. App. 31 (1998) (drawing from the Article III standing inquiry for a claim under the Washington Administrative Procedure Act (APA) because the statute expressly adopts a standing test similar to Article III's requirements (citing RCW 34.05.530)), *aff'd*, 140 Wn.2d 232 (2000). Defendants cite cases that fall within these discrete categories. Washington, however, has only applied these more stringent standing tests in limited circumstances, including in Uniform Declaratory Judgment Act (UDJA) or APA cases, cases where the Legislature expressly confined the private right of action to "aggrieved" persons, or where a plaintiff seeks to enforce a statute that does not grant a private cause of action.

In *Tacoma Auto Mall v. Nissan North America*, 169 Wn. App. 111 (2012), the plaintiff asserted a claim for violation of RCW 46.96.200 (1994), which did not grant a private cause of action. *Compare* RCW 46.96.200 (1994), *with* RCW 46.96.260 (current). In *Snohomish Cnty. Pub. Transp. Ben. Area v. State Pub. Emp. Rels. Comm'n*, 173 Wn. App. 504 (2013), and *Freedom Found. v. Washington State Pub. Disclosure Comm'n*, 26 Wn. App. 2d 1009, 2023 WL 2756240 (2023), the plaintiffs challenged an agency action under the APA, which expressly requires an showing of an injury-in-fact. And the plaintiff in *Trepanier v. City of Everett*, 64 Wn. App. 380 (1992), brought an action under the State Environmental Policy Act, which authorizes any "person aggrieved" to seek judicial review.

REPLY ISO PLAINTIFF'S MOTION FOR REMAND - 7

No. 2:25-cv-01042

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

The Washington Supreme Court's recent opinion in *Brown v. Old Navy* confirms that Washington has not adopted a generally applicable analog to federal standing requirements. In interpreting Washington's Commercial Electronic Mail Act (CEMA), chapter 19.190 RCW, the Court noted that a violation of CEMA is a per se violation of the Consumer Protection Act (CPA) and sets a statutory penalty for violations. *Brown v. Old Navy, LLC*, 567 P.3d 38, 42 (2025) (citing (RCW 19.190.030(1), .040). The Court explained that CEMA's statutory damages "do[] not require a showing of actual damages" because "the injury is receiving an e-mail that violates [CEMA's] regulations." *Id.* It repeated, "CEMA does not require a showing of injury for statutory damages to be awarded because the injury is receiving the e-mail that violates CEMA." *Id.* at 45. The EPOA, like CEMA, sets statutory damages for violations of the statute. RCW 49.58.070. Also similar to CEMA, the EPOA allows for actual damages but does not require a showing of actual damages to recover. *See id.* By allowing statutory damages, the Legislature acknowledged that the injury is in applying to a job posting that violates the EPOA. *See id. Old Navy* alone establishes that it is not absolutely certain that a Washington state court will dismiss Plaintiff's EPOA claim for failing to satisfy Article III standing requirements.

In *Wright v. Lyft*, the Washington Supreme Court similarly concluded to recover for a CEMA violation, a plaintiff need not prove injury or causation, even though these are required for a CPA claim and CEMA stems from the CPA. *Wright v. Lyft, Inc.*, 189 Wn.2d 718, 729 (2017). The Court highlighted that "damages for CEMA violations are *automatic*" where the Legislature decided to "write a damages provision free of preconditions." *Id.* The Court rejected any position that required it to impose extratextual requirements. *Id.* Here, the Legislature granted a private cause of action for statutory damages to job applicants. RCW 49.58.070, .110. Because the statute is "free of preconditions," such as requiring proof of injury, it would be "nonsensical" and inappropriate for a court to "read in elements that lawmakers did not include." *See Lyft, Inc.*, 189 Wn.2d at 729.

Because the question of futility turns on whether it is absolutely certain that the state court will dismiss the action, these cases conclusively establish that remand would not be futile. *See*

REPLY ISO PLAINTIFF'S MOTION FOR REMAND - 8

No. 2:25-cv-01042

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

*Bell*, 922 F.2d at 1425. The Court has remanded *twenty* virtually identical cases without a single finding that remand would be futile. It should do so again here.

### D. Defendants cannot escape that they have disavowed Article III standing.

Ninth Circuit precedent is clear that federal courts "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As the sole proponent of federal jurisdiction, Defendants created the very doubt that necessitates remand by simultaneously asserting and disavowing federal jurisdiction.

Defendants disingenuously argue that this case must remain in federal court because an injury-in-fact exists while simultaneously spending the bulk of their pending motion to dismiss asserting the exact opposite. *Compare* Defs.' Opp'n to Pl.'s Mot. to Remand, *with* Defs.' Mot. to Stay or Dismiss, ECF No. 15. On the one hand, Defendants assert that "[n]owhere in the Complaint . . . does Plaintiff allege that he had the requisite experience for the 'data analyst' position he says he applied for. Nor does he allege that he wanted or would have accepted the position if Defendants offered it with appropriate salary and benefits." Defs.' Mot. to Stay or Dismiss at 4:3-6. On the other hand, they argue the opposite: "Plaintiff pled in no uncertain terms that 'he has experienced economic and non-economic harm as a direct result of Defendants' discriminatory hiring practices' [along with] a laundry list of additional supposed harms . . . [that] [c]ourts regularly recognize . . . as Article III injuries." Defs.' Opp'n to Pl.'s Mot. to Remand at 12-13. The Court should not entertain Defendants' double-dealing, which has been characterized as a form of fraudulent removal. *See Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018); *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 912 (N.D. Ill. 2016); *Ayala v. Sixt Rent a Car, LLC*, No. CV 19-1513-FMO (MRWx), 2019 U.S. Dist. LEXIS 112879, at *5 (C.D. Cal. July 8, 2019) (removing defendant cannot "have it both ways by asserting, then immediately disavowing, federal jurisdiction").

REPLY ISO PLAINTIFF'S MOTION FOR REMAND - 9

No. 2:25-cv-01042

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

**E. Alternatively, remand is still required because Defendants cannot demonstrate the $75,000 amount in controversy required for diversity jurisdiction.**

Because Article III standing is a prerequisite to subject matter jurisdiction, without which the Court does not have authority to adjudicate this action, this Court need not address the remaining arguments as to the sufficiency of diversity jurisdiction. *See Warth*, 422 U.S. at 498-99; *Vera Whole Health*, 2024 U.S. Dist. LEXIS 116904, at *6 ("If a plaintiff lacks Article III standing, the Court does not have subject matter jurisdiction."); *Liu*, 2024 U.S. Dist. LEXIS 171512, at *6 (remanding "[b]ecause Plaintiff's lack of Article III standing implicates the Court's subject matter jurisdiction"). If the Court reaches these issues, it should conclude that subject matter jurisdiction is lacking because Defendants have not and cannot establish that Mr. Milito's claim and pro-rata share of attorneys' fees exceed $75,000.

For Mr. Milito's *pro rata* share of attorneys' fees to reach $70,000 ($75,000 - $5,000 statutory penalty), class counsel would have to accrue an unreasonable number of billable hours, which even by Defendants' own evidence is implausible. For instance, Defendants cite to the settlement in *Milito v. Brook, Inc.*, No. 24-2-20266-8 SEA (King Cnty. Super. Ct.), to allege that Plaintiff's pro rata attorneys' fees will surpass the jurisdictional threshold. There, class counsel requested $333,343.33 in attorneys' fees and costs on behalf of 2,074 class members. Decl. of Emily Harris Ex. 2, ECF No. 19-2. Consequently, the *pro rata* share of attorneys' fees attributable to the named plaintiff was only $160.72. *Garcia v. Wash. State Dep't of Licensing*, No. 22-2-05635-5 SEA (King Cnty. Super. Ct. July 26, 2023), was a data breach class action that required significant time to perform work specific to data breach cases, such as submitting public records requests to the Department of Labor and reviewing the responsive records and engaging in extensive formal and informal discovery. *See id.* Ex. 1, ECF No. 19-1. This case will ultimately turn on whether Defendants' job posting included the requisite pay information and whether Plaintiff submitted a job application for that job posting. Even Defendants' supplemental evidence suggests that the $75,000 amount in controversy is not satisfied.

REPLY ISO PLAINTIFF'S MOTION FOR REMAND - 10

No. 2:25-cv-01042

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

    Further, Defendants contend that litigating Mr. Milito's claims alone will require at least 96.5 hours of attorney time and that all this time must be attributed to Mr. Milito for the purpose of establishing diversity jurisdiction. Defs.' Opp'n to Mot. to Remand at 16:7-8. This is not a *pro rata* distribution. Defendants further speculate that Plaintiff will seek at minimum $20,000 service award. However, speculation about unpled service awards "does not withstand the Ninth Circuit's restrictive view of jurisdictional amount[s] in federal class actions." *Compare id.*, *with Dix v. ICT Grp., Inc.*, No. CS-03-0315-LRS, 2003 U.S. Dist. LEXIS 21679, at *19 (E.D. Wash. Oct. 20, 2003) (citing *Kanter v. Warner-Lambert Co.*, 52 F. Supp.2d 1126, 1132 (N.D. Cal. 1999). It would thus constitute reversible error to attribute an unpled service award towards the amount in controversy, especially given the strong presumption against removal jurisdiction. *Gaus*, 980 F.2d at 566. Regardless, class representatives in actions litigated by Mr. Milito's counsel routinely receive service awards far less than $20,000. *See* Order Granting Prelim. Approval, *Warren v. Discount Tire Co. of Washington, Inc.*, No. 22-2-10618-8 (Pierce Cnty. Super. Ct. July 26, 2024) ($5,000 service award); Order Granting Final Approval, *Morey v. Aftermath Services LLC*, No. 21-2-07042-2 SEA (King Cnty. Super. Ct. May 6, 2022) ($1,000 service awards); Order Granting Final Approval, *Clopp v. Pacific Market Research LLC*, No. 21-2-08738-4 KNT (King Cnty. Super. Ct. May 27, 2022) ($2,333.33 service awards); Final Approval Order, *Garcia v. Washington State Dep't of Licensing*, No. 22-2-05635-5 SEA (King Cnty. Super. Ct. Oct. 3, 2023) ($6,000 service award). Ultimately, the Court has already rejected Defendants' argument under virtually identical circumstances, and it should do so again here. *See Pizl,* 2024 U.S. Dist. LEXIS 56728, at *3 (W.D. Wash. Mar. 27, 2024).

### III.   CONCLUSION

    For the foregoing reasons, Plaintiff John Milito respectfully reiterates his request that the Court follow its prior orders and remand this matter to King County Superior Court for lack of subject matter jurisdiction.

REPLY ISO PLAINTIFF'S MOTION FOR REMAND - 11

No. 2:25-cv-01042

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Respectfully submitted this 7th day of July 2025.

EMERY | REDDY PLLC

By: /s/ Timothy W. Emery
Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
600 Stewart Street, Suite 1100
Seattle, WA 98101-1269
Telephone: (206) 442-9106
Facsimile: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
*Attorneys for Plaintiff*

This brief is less than 4,200 words, in compliance with the Local Civil Rules for the U.S. District Court for the Western District of Washington.

REPLY ISO PLAINTIFF'S MOTION FOR REMAND - 12

No. 2:25-cv-01042

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

# CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2025, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filling to the following CM/ECF participants:

Emily J. Harris, WSBA #35763
CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104
Telephone: (206) 625-8600
Email: eharris@corrcronin.com

Michael S. Shuster
Blair E. Kaminsky
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
Telephone: (646) 837-5151
Email: mshuster@hsgllp.com
Email: bkaminsky@hsgllp.com

Dated this 7th day of July, 2025, at Seattle, Washington.

/s/ Jennifer Chong
Jennifer Chong, Legal Assistant
jennifer@emeryreddy.com

REPLY ISO PLAINTIFF'S MOTION FOR REMAND - 13

No. 2:25-cv-01042

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711